Argued on motion to vacate restraining order February 27, denied March 3, 1914.

# COOPEY *v.* KEADY.*

(139 Pac. 108.)

**Appeal and Error—Restraining Order—Vacation.**

1. In a suit for accounting for commission for the sale of real estate, earned by plaintiff and defendants, and received by defendants, where the trial court granted a restraining order against the transfer of corporate stock received by defendants as a part of the commission, which order was dissolved on the rendition of a decree for defendants, and on appeal a justice of the Supreme Court reinstated the order, such order will not be vacated before final hearing, though plaintiff's right to relief on the merits be doubtful, where the continuance of the order will not cause defendants any great inconvenience, and plaintiff has given an undertaking to pay damages sustained by defendants by reason of the injunction, if it be wrongful, or without sufficient cause.

**Injunction—Restraining Order—Discretion of Court.**

2. The granting or refusal of restraining orders rests in the sound discretion of the court; but this discretion is not an arbitrary one, and it must be exercised in accordance with the principles of equity and good conscience.

---

*This opinion should have been published in 73 Or., at page 66, along with the final decision of the case on its merits.          REPORTER.

From Multnomah: GEORGE N. DAVIS, Judge.

Department 2.   Statement by MR. JUSTICE RAMSEY.

This is a suit by Charles Coopey against L. Y. Keady, A. F. Swensson, the Pacific Realty Company, a corporation, W. J. Burns, and the L. Y. Keady Investment. From a decree for defendants, plaintiff appeals. Defendants file a motion to vacate a temporary restraining order granted by a justice of this court pending the appeal. The facts appear in the opinion of the court.                    MOTION DENIED.

*Messrs. Griffith, Leiter & Allen* and *Messrs. Veazie, McCourt & Veazie,* for the motion.

*Mr. W. Y. Masters* and *Messrs. Sinnott & Adams, contra.*

MR. JUSTICE RAMSEY delivered the opinion of the court.

The plaintiff, Charles Coopey, brought a suit in equity for an accounting with the defendants L. Y. Keady and A. F. Swensson concerning commissions amounting to $150,000, which the plaintiff claims were due him and said defendants for making a sale of certain lands in Multnomah County for the Oregon Real Estate Company. Said real property was owned by said company, and it was sold for about $2,225,000.

The plaintiff claims that he and said defendants, as real estate agents, sold said premises, and that the defendants Keady and Swensson received all of the commissions therefor, and that he is entitled to one-third thereof. The plaintiff, in his affidavit, testifies that the defendants Keady and Swensson received a portion of said commissions in the capital stock of the Anglo-Pacific Realty Company, and that they had of

said stock in their possession, when this suit was commenced, more than $50,000.

It is admitted by said defendants that they were associated with the plaintiff for a time in an effort to sell said real property; but they claim that their relations with him ceased some time before said sale was made, and that, when said sale was made, the plaintiff had nothing to do with making it, and had no interest therein. They claim, also, that he was not entitled to receive any part of said commissions. They admit, we believe, that the commissions by them received for making said sale amounted to $150,000. The defendants contend, also, that the plaintiff, some time before said sale was made, executed a paper which operated as a release of all of the plaintiff's rights growing out of efforts to sell said land, and that he did nothing in aid of the sale of said premises after the execution of said paper. On the other hand, the plaintiff contends that said supposed release did not bar or affect his right to one third of said commission.

1. There appears to be no doubt that said defendants received as commission on said sale $150,000, and that the plaintiff was, for a time, associated with them in efforts to sell said premises; but as to whether he was associated with them when the sale was made, or as to whether he is entitled to receive a part of said commission, there is a sharp conflict between the showing made by the plaintiff and that made by the defendants. In passing on this motion to vacate said restraining order, we cannot determine the questions at issue between the parties on the merits.

In the court below a preliminary injunction was issued, restraining the defendants from selling or transferring said $50,000 of the capital stock referred to *supra*. The defendants applied to the court below for

an order vacating said injunction order; but the trial court denied said motion.  However, on the final hearing, the court below rendered a decree in favor of the defendants, and this decree vacated the preliminary injunction.

The plaintiff appealed to this court, and thereafter applied to a justice of this court for an order reinstating said injunction order, restraining the defendants from disposing of said stock pending the appeal. The order was granted, and this motion was made for a vacation of said order.  It was held, in *Livesley* v. *Krebs Hop Co.*, 57 Or. 352 (97 Pac. 718, 107 Pac. 460, 112 Pac. 1), that this court had jurisdiction to grant a restraining order in cases pending on appeal.  We do not therefore deem it necessary to re-examine that question.  We will follow the decision in that case.

As the record shows, the court below, on a motion to vacate the restraining order, refused to do so, and a justice of this court has reinstated that order, pending the appeal.  We are now asked to vacate the restraining order granted by a justice of this court.

Courts should always exercise caution in granting restraining orders, and justices of this court should act with great caution in allowing such orders.

In the case of *Chegary* v. *Scofield,* 5 N. J. Eq. 531, the court says:

"We can do nothing but review the particular order or decree appealed from, except that, * * where the chancellor, by his decree, has loosened a man's hands, we may, by a preliminary order, tie them up again, until we can hear the appeal, and determine whether he ought to be let loose or not."

In *Helm* v. *Gilroy,* 20 Or. 520 (26 Pac. 852), the court says:

"In granting or refusing temporary relief by preliminary injunction, *courts of equity should in no man-*

ner anticipate the ultimate determination of the question of right involved. *They should merely recognize that a sufficient case has or has not been made out to warrant the preservation of the property or rights in status quo* until a hearing upon the merits, without expressing a final opinion as to such rights. * * The granting or refusing of such an injunction rests largely within the discretion of the court,'' etc.

In 10 Ency. Pl. & Pr. 1010, the author says:

"It is not proper, on an application for a preliminary injunction, *to decide or to consider, with a view of final decision, the merits of the controversy,* especially when grave questions are involved, and the court should do no more than determine that the bill, *assuming its allegations to be true, sets forth facts sufficient to warrant the issuance of an injunction.*"

In 22 Cyc. 751, the author says:

"It is not sufficient ground for refusing a preliminary injunction that it is not absolutely certain that complainant has the right that he claims, or that the injury feared will occur, and, even though complainant's right to permanent relief is doubtful, it may be proper to maintain the *status quo* pending the determination of his right; the issuance of a temporary injunction in such cases depending chiefly upon the relative inconvenience to be caused the parties.''

In 1 Joyce on Injunctions, Section 25, the author says, *inter alia:*

"When the rights of the parties are at all doubtful, the court applied to for an injunction should look at the balance of inconvenience, and act upon the consideration of the comparative inconvenience which may arise from granting or withholding the injunction.''

In *Harriman* v. *Northern Securities Co.* (C. C.), 132 Fed. 476, the court says:

"Where, however, the sole object for which an injunction is sought is the preservation of a fund in con-

troversy, or the maintenance of the *status quo,* until the question of right between the parties can be decided on final hearing, the injunction properly may be allowed, although there may be serious doubt of the ultimate success of the complainant. Its allowance in the later case is a provisional measure, of suspensive effect, and in aid of such relief, if any, as may finally be decreed to the complainant.''

In *Glascott* v. *Lang,* 3 Mylne & C. 451, 455, Lord Chancellor COTTENHAM says:

''In looking through the pleadings and the evidence for the purpose of an injunction, *it is not necessary that the court should find a case which would entitle the plaintiff to relief at all events.* It is quite sufficient if the court finds, upon the pleadings, and upon the evidence, a case which makes the transaction a proper subject of investigation in a court of equity.''

In *Russell* v. *Farley,* 105 U. S. 438 (26 L. Ed. 1060), the court says:

''It is a settled rule of the court of chancery, in acting on applications for injunctions, to regard the comparative injury which would be sustained by the defendant, if an injunction were granted, and by the complainant, if it were refused. * * And if the legal right is doubtful, either in point of law or of fact, the court is always reluctant to take a course which may result in material injury to either party.''

The injunction in this case restrains the defendants from transferring or disposing of a block of corporate stock held by them in which the plaintiff claims to have an equitable right or interest. While the plaintiff's right to relief may be doubtful, we cannot pass on that right finally on this motion.

We are unable to see that permitting the restraining order to stand until the final hearing would be of any great inconvenience to the defendants. The injunction order will not prevent the stock-earning divi-

dends, and the plaintiff has given an undertaking, with a competent surety, for the payment of damages sustained by the defendants, by reason of the injunction, if it be wrongful or without sufficient cause. It is not necessary that the plaintiff's right to relief be free from doubt to entitle him to a temporary restraining order.

2. The granting or refusal of restraining orders rests in the sound discretion of the court; but this discretion is not an arbitrary one, and it must be exercised in accordance with the principles of equity and good conscience.

In 1 Joyce on Injunctions, Section 118, the author says:

"The granting of an injunction is a matter of grace in no sense, except that it rests in the sound discretion of the court, and that discretion is not an arbitrary one. Such discretion will often be influenced by a consideration of the relative injury and convenience likely to result to the parties from granting or refusing the injunction," etc.

Section 421, L. O. L., *inter alia,* provides:

"If, upon the hearing of the motion [to vacate the injunction], it satisfactorily appears that the injunction should not have been allowed, either in whole or in part, it shall be vacated or modified accordingly."

Considering the relative convenience and injury which might result to the parties from the granting or the refusal to grant the motion to vacate the restraining order, we find that the justice of this court, who granted the order reinstating the preliminary injunction, did not abuse the discretion vested in him, and that said motion should be denied.

The motion to vacate the temporary injunction is denied, and said order will be permitted to stand until

the final determination of this case on its merits, or until the further order of this court.

<div align="right">MOTION DENIED.</div>

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.

---

<div align="center">

'Argued June 29, affirmed July 18, 1916.