## LAIS *v.* SILVERTON.

(147 Pac. 398; 150 Pac. 269; 151 Pac. 712.)

</div>

**Appeal and Error—Injunction Pending Appeal.**

1. On appeal from a decree dismissing a suit to enjoin a city from letting contracts and making assessments for street improvements, a temporary injunction will be granted by the Supreme Court, restraining the city from levying upon, attempting to sell, or selling any of plaintiffs' property until the further order of the court.

**Appeal and Error—Hearing—Evidence.**

2. On appeal from a decree dismissing a suit to enjoin a city from letting contracts and making assessments for street improvements, the Supreme Court has no authority to make an order admitting in evidence upon the hearing a copy of an assessment ordinance enacted after the appeal was taken.

**Municipal Corporations—Public Improvements—Remonstrances—Charter Provisions.**

3. The Silverton City charter authorizes the city to improve streets, and provides that the owners of two thirds of the property adjacent to the improvement may file with the council a written remonstrance against a proposed improvement, whereupon it shall not be proceeded with, and that each lot or part thereof shall be liable for the full cost of the improvement of the street abutting thereon. *Held* that, there

being no provision whereby the city may select a certain proportion of the depth of an adjoining tract and subject the designated portion to the cost of the improvement, the assessment would naturally fall upon the whole tract, and hence the area of the whole tract, and not merely its front footage, should be considered in determining whether two thirds of the property adjacent to the improvement is represented on a remonstrance.

**Municipal Corporations—Public Improvements—Suits to Enjoin—Evidence.**

4. In a suit to enjoin a street improvement, the evidence was unsatisfactory whether the land represented on a remonstrance against the improvement was two thirds of the land adjacent to the improvement, and, at defendant's request, the case was reopened for further evidence, but the evidence introduced was no more satisfactory than that previously introduced. Thereupon plaintiffs asked for a postponement until they could have an accurate survey made and procure the testimony of witnesses as to the actual area of the disputed tracts. *Held* that the court should have granted this request.

[As to taxpayers' actions, see note in Ann. Cas. 1913C, 895.]

**Municipal Corporations—Public Improvements—Remonstrance.**

5. Under a city charter providing that the owner or owners of two thirds of the land next adjacent to a street to be improved may file a written remonstrance against the proposed improvement, an administrator cannot sign a remonstrance on behalf of the real estate of the property under administration.

From Marion: WILLIAM GALLOWAY, Judge.

Statement by MR. JUSTICE BENSON.

A suit was brought in the Circuit Court for Marion County by J. G. Lais, J. M. Brown, E. J. Brown, M. Small, J. H. Brewer, A. F. Blackerby and Sophia Blackerby, to enjoin the City of Silverton from letting contracts and assessing plaintiff's property for certain street improvements. From a decree dissolving a temporary injunction and dismissing the suit, plaintiffs have appealed, and the case is presented to us now upon the motion of appellants for an order of this court enjoining defendant from levying upon, attempting to sell, or selling any of the property of plaintiffs, in carrying out such street improvement, pending the final disposition of this suit. There is also submitted a petition of plaintiffs asking this court to admit in

evidence upon the hearing here a copy of an assessment ordinance enacted by defendant since the appeal was. taken herein, or to remand the case to the lower court, with directions to admit the same and consider it.

INJUNCTION GRANTED.        PETITION DENIED.

*Mr. Robert H. Down* and *Mr. Walter C. Winslow,* for appellants.

*Mr. Custer E. Ross* and *Mr. John H. McNary,* for respondent.

MR. JUSTICE BENSON delivered the opinion of the court.

1, 2. Upon the authority of *Livesley* v. *Krebs Hop Co.,* 57 Or. 354 (97 Pac. 718, 107 Pac. 460, 112 Pac. 1), we think the motion for an injunction until the further order of this court should be granted. We are not advised of any authority which would justify us in making an order admitting in evidence an ordinance enacted since the appeal was perfected, and the petition therefor must be denied.

INJUNCTION GRANTED.        PETITION DENIED.

Remanded July 13, 1915.

ON THE MERITS.

(150 Pac. 269.)

Department 1.        Statement by MR. JUSTICE McBRIDE.

This is a suit to enjoin the City of Silverton from proceeding with the improvement of McClaine Street

in that city. The authority for improving streets and the procedure for that purpose are found in the following provisions of the charter:

"To provide for the opening of streets and to establish the grades of same; to provide for and to regulate the planking, paving, or otherwise improving the streets; building of sewers, and the laying of gas-pipes and water-mains. All such improvements shall be assessed to the property next adjoining it *pro rata* as per estimate of surveyor and all such improvements shall be undertaken after ten days' notice by publication in some newspaper of the City of Silverton, and said notice shall appear in not less than two issues of said newspaper. The notice must specify the work to be done, and in what manner, and until five days after the expiration of said notice the owner or owners of two thirds of the property next adjacent thereto may make and file with the council a written remonstrance against the proposed improvement, and thereupon the same shall not be proceeded with. If no remonstrance be made and filed with the council, the council shall, within a reasonable time, and not more than three months after final publication of notice, proceed as hereinafter provided."

Section 83, among other matters, provides:

"Each lot or part thereof shall be liable for the full cost of the improvement of the street abutting thereon."

The matter was heard in the Circuit Court, where a decree was rendered in favor of defendant, from which plaintiffs appealed.

REMANDED. REHEARING DENIED.

For appellants there was a brief over the names of *Mr. Richard W. Montague, Mr. Walter C. Winslow* and *Mr. Robert Down,* with oral arguments by *Mr. Montague* and *Mr. Winslow.*

For respondent there was a brief with oral arguments by *Mr. Custer C. Ross* and *Mr. John H. McNary.*

MR. JUSTICE McBRIDE delivered the opinion of the court.

3, 4. We find only one serious question as to the regularity of the proceedings, and that relates to the sufficiency of the remonstrance against the improvement. It appears that the improvement in question extends to and abuts upon several large tracts of unplatted land, and that the original theory of the city was that only the front footage of such land should be counted upon the remonstrance, instead of the superficial area of the tracts; and, acting upon this theory, the council held that the remonstrance did not represent two thirds of the property "next adjacent" to the improvement, and was, therefore, ineffective. As there is no provision in the charter whereby the city may select a certain proportion of the depth of an adjoining tract and subject the portion so designated to the cost of the improvement, it would seem that the assessment would naturally fall upon the whole tract, and, this being the case, that the superficial area of the whole tract should be represented upon the remonstrance; and we so hold. So that, if two thirds of the superficial area of the tracts abutting upon the street appear upon the remonstrance, this proceeding must fail, otherwise it shall stand. The evidence upon this branch of the case is very unsatisfactory. After the case was closed defendant asked that it be reopened for the purpose of taking further testimony, and later Mr. Main, the city engineer of Silverton, was put upon the stand and testified to a state of facts which would leave the remonstrance with

slightly less than two thirds of the property represented upon it, but the data upon which the survey was made is such that it is no more satisfactory than the estimates made by plaintiffs' witness, which were confessedly short of mathematical accuracy. At the close of Mr. Main's testimony plaintiffs asked for a postponement until they could have the property accurately surveyed, and procure the testimony of witnesses as to the actual area of the disputed tracts. This the court refused, saying that the testimony just produced had made no impression on his mind. This remark indicates that the court was inclined to accept the front-foot theory of defendant, upon which theory the remonstrance was insufficient, instead of the superficial area theory, which we think is indicated by the charter, and, therefore, considered the testimony irrelevant. As the whole case turns upon this one point, it was and is important that the truth in regard to it be brought out, and the request of counsel for plaintiffs should have been granted .

It is a question which can be solved one way or the other to an absolute mathematical certainty, and the case will be remanded to the court below with directions to reopen it to both parties for further testimony on this point, and to make findings and decree as all the testimony on that subject shall indicate.

REMANDED. REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.

Denied September 21, 1915.

## PETITION FOR REHEARING.

(151 Pac. 712.)

Department 1. Mr. Justice McBride delivered the opinion of the court.

5. The original petition for rehearing in this cause has not changed our opinion as to the law applicable to this case, and is overruled; but by a supplemental petition the opinion of this court is requested as to the right of an administrator to sign a remonstrance on behalf of the real estate of the property under administration. This question arises in the case, and should be passed upon. The language of the charter of Silverton is as follows:

"The owner or owners of two thirds of the land next adjacent thereto may make and file with the council a written remonstrance against the proposed improvement, and thereupon the same shall not be proceeded with."

The administrator is not the owner of the property, and is only entitled to possession for the purposes of administration, the legal title passing directly to the heir. It follows, therefore, that the signature of the administrator upon a remonstrance is ineffective for any purpose. If it happen that he is an heir to an interest in the property, his signature will be good as to his interest, but no further. With this explanation we adhere to our original opinion.

REHEARING DENIED.

Mr. Chief Justice Moore, Mr. Justice Benson and Mr. Justice Harris concur.