Motion to dissolve injunction argued November 27, denied December,
    1916, submitted on briefs July 9, affirmed July 16, 1918.

## MALAGAMBA *v.* McLEAN.*

(161 Pac. 560; 173 Pac. 1177.)

**Injunction—Temporary Injunction—Motion.**

1.   In a suit to enjoin the sale of real estate and apply the equitable interest which plaintiff's judgment debtor has in the property, owned by his wife, in which a temporary injunction was granted on appeal, where a dissolution of the restraining order would enable the owner to dispose of the lot, and to determine on the restraining order whether the complaint states a cause of suit would be to decide the main question involved, a motion to dissolve the injunction on that ground will be denied.

### ON THE MERITS.

**Fraudulent Conveyances—Husband and Wife.**

2.   A creditor of the husband could not have a house and lot in the wife's name, the house having been built with the husband's money, subjected to his debt, in the absence of showing the husband's financial condition when he made the present of the house, or that it was done in fraud of existing creditors.

> [As to transfers of real estate between husband and wife, and validity of same when there are creditors, see notes in 19 **Am. St. Rep.** 657; 20 **Am. St. Rep.** 715; 90 **Am. St. Rep.** 497.]

From Clatsop: JAMES A. EAKIN, Judge.

Department 2.

On motion to dissolve a temporary injunction issued by the Supreme Court.   Motion Denied.

*Messrs. A. C. & G. C. Fulton,* for the motion.

*Messrs. Norblad & Hesse, contra.*

HARRIS, J.—1. Irena C. McLean and Arch McLean are husband and wife. Arch McLean and D. Malagamba were partners doing business under the firm name of Arch McLean & Company.   Irena C. Mc-

---

*On the question of transactions between husband and wife, as fraud on creditors, see note in 32 **L. R. A.** 67.          REPORTER.

Lean obtained a judgment against the partners for
$2,795.91 together with interest and costs. Malagamba
commenced a suit which terminated in a decree dis-
solving the partnership and a judgment against Arch
McLean for $1,850.80 together with other sums. The
judgment obtained by Irena C. McLean was prior to
the one secured by Malagamba. The partnership being
without assets Irena C. McLean caused the issuance
of an execution and a levy on the individual property
of Malagamba. Arch McLean is insolvent and con-
sequently Malagamba is unable to enforce the satis-
faction of his judgment by execution, levy and sale.
Irena C. McLean owns lot 5 in block 46, McClure's
Addition to Astoria. A building was constructed upon
that lot. Claiming that the building had been erected
by Arch McLean and paid for by him and that there-
fore he had an equitable interest in the property,
Malagamba commenced this suit against the McLeans
and the sheriff to stay the progress of the execution
issued on the Irena C. McLean judgment and to com-
pel her to apply on her judgment the value of the
alleged equitable interest ascribed to Arch McLean.

The defendants demurred to the complaint filed by
Malagamba and the Circuit Court ruled that the plead-
ing did not contain facts sufficient to constitute a cause
of suit; and, the plaintiff refusing to plead further,
the court dismissed the suit. Malagamba appealed
and upon his application we issued an order which,
pending the appeal, and until a final hearing, stays the
execution on the Irena C. McLean judgment and en-
joins the sale of lot 5. The defendants contend that
the complaint does not state facts sufficient to con-
stitute a cause of suit and they therefore moved for a
dissolution of the restraining order.

The very purpose of this suit is to apply whatever equitable interest Arch McLean may have in lot 5, on the judgment held by Irena C. McLean, and it is apparent that a dissolution of the restraining order would enable the McLeans to dispose of lot 5 before the cause can be heard on the merits. To determine, on this motion to dissolve the restraining order, whether the complaint states a cause of suit would be to decide the main question involved in the controversy. For aught that appears in the record, the appeal is presented in good faith and under all the circumstances we prefer to continue the *status quo* until the final hearing and at that time determine the merits of the litigation. The motion to dissolve the injunction is denied.

MOTION DENIED.

MOORE, C. J., BURNETT and BEAN, JJ., concur.

---

Submitted on briefs July 9, affirmed July 16, 1918.

ON THE MERITS.

(173 Pac. 1177.)

In Banc.

This is a creditor's suit. The substance of the complaint is to the effect that plaintiff and defendant Arch McLean were at one time partners in a shoe store; that in a suit for a dissolution of the partnership and an accounting, plaintiff obtained a decree, *inter alia,* for the recovery of certain sums of money; that while such suit was pending, the defendant Irena C. McLean obtained a joint and several judgment against the partnership for a sum of money upon which there is now due $2,669, with interest; that defendant Arch McLean has practically no money or property whereby

plaintiff's decree for money may be satisfied; that defendant Irena McLean is the owner of a certain lot of land in Astoria, upon which, at some time in the past, the defendant's husband erected a two-story house at an expense of about $3,500, which enhanced the value of the wife's property to that extent, and that she has never repaid the husband for such expenditure. It is further alleged that the wife refuses to enforce her joint and several judgment against her husband but is seeking to collect it all from the plaintiff; that the husband refuses to enforce his claim for the debt incurred in building the house on his wife's land, all for the purpose of defrauding plaintiff. The prayer asks that the wife's indebtedness to the husband be ascertained and the amount thereof be applied as a setoff to her judgment against the plaintiff and the defendant Arch McLean and that any surplus thereof be applied upon plaintiff's judgment against Arch McLean. A demurrer to the complaint was sustained and plaintiff appeals.                                   AFFIRMED.

For appellant there was a brief submitted over the name of *Mr. J. J. Barrett.*

For respondents there was a brief prepared and submitted over the name of *Messrs. George C. & A. C. Fulton.*

BENSON, J.—2. There is but one question to be answered, which is:

Does the complaint state a sufficient cause of suit as against the defendant Irena C. McLean? The allegations of fact upon which the right of setoff is based, are found in paragraph 9 of the complaint, which reads thus:

"That at some time in the past, the exact time of which is unknown to this plaintiff, the defendant Arch McLean, built, and caused to be built, upon defendant Irena C. McLean's real property, to-wit:—upon Lot 5, Block 46, McClures Addition to Astoria, Clatsop County, Oregon, a two story house, at an expense of about $3,500.00, as plaintiff is informed, and that the value of defendant Irena C. McLean's said real property was thereby enhanced in at least said amount, that defendant Irena C. McLean never repaid defendant Arch McLean for the sum, or sums of money so expended by him in building, or causing to be built said house and said improvements upon her said real property. That defendant Irena C. McLean is now indebted to defendant Arch McLean in about the sum of $3,500.00 for such house so built, and such improvements so made by defendant Arch McLean upon her said real property, but that defendant Arch McLean on account of plaintiff's said unsatisfied judgment and decree against him, refuses to enforce his claim for said amount against his said wife, defendant Irena C. McLean, all for the purpose of defrauding this plaintiff and to prevent him from collecting his said judgment and decree. That defendant Arch McLean's said claim against his wife, Irena C. McLean, defendant herein, for such money so spent by him in building said house and making improvements upon defendant Irena C. McLean's said real property, ever since has been and now is an existing and enforceable claim against defendant Irena C. McLean, but is not reachable by writ of execution upon plaintiff's said judgment and decree against defendant Arch McLean."

When these averments are stripped to the essentials, they amount to this: at some time in the past, defendant Arch McLean built a two-story house on his wife's lot, at an expense of about $3,500. Nothing is said of the financial condition of the husband at that time, nothing of any agreement between him and his wife as to the motive of the action, nothing of any promise upon her part to reimburse him for his expenditure.

So far as disclosed by the record, he may have been quite prosperous at the time and abundantly able to make a gift to the wife of the building, and may have so intended. In any event, it would be necessary for the plaintiff to allege and prove that there was an agreement to repay the money, or that the expenditures were made in fraud of existing creditors. This has not been done and the demurrer was properly sustained. The decree is affirmed.          AFFIRMED.