Argued on motion to set aside restraining order May 22, 1917.
Temporary injunction dissolved May 29, 1917.

# NOYES-HOLLAND LOGGING CO. *v.* PACIFIC LIVE STOCK AND LUMBER CO.

### (165 Pac. 236.)

**Appeal and Error — Supreme Court — Jurisdiction—Injunction—Pendente Lite.**

1. The Supreme Court will not continue an injunction restraining a plaintiff in ejectment from proceeding because a chancery suit affecting defendants' right to the property is pending on appeal, where the parties are solvent and defendant's rights can be adequately protected after determination of the chancery appeal.

**Courts—Discretion of Court—Injunction—Dissolution.**

2. A temporary restraining order granted without notice to opposing party is subject to dissolution on proper showing, and the question of whether or not the justice who granted the same abused his discretion is not involved.

> [As to right to grant temporary injunction before institution of action, see note in **Ann. Cas.** 1913E, 462.]

From Columbia: James A. Eakin, Judge.

Suit on cross-bill in equity by the Noyes-Holland Logging Company, a corporation, and the Portland

Lumber Company, a corporation, are plaintiffs-appellants, against the Pacific Live Stock & Lumber Company, a corporation, and M. T. O'Connell are defendants-respondents, in which suit the appellants prayed for and obtained, *ex parte,* a temporary restraining order, *pendente lite.* Respondents move to dissolve the injunction. Temporary injunction dissolved.

Department 1.   Statement Per Curiam.

The Pacific Live Stock & Lumber Company began an action in ejectment to recover from the plaintiffs here the possession of the southwest quarter of the southwest quarter of section 3, township 7 north, range 3 west, in Columbia County. These plaintiffs interposed a cross-bill in equity whereby they sought to correct an alleged mistake in a contract between the Portland Lumber Company and M. T. O'Connell granting them the right of way for a logging railroad over his land so that they could justify their possession of the land in dispute under the agreement as thus amended. As part of the relief sought under the cross-bill they prayed for injunction against the prosecution of the law action and to that end obtained a temporary restraining order *pendente lite.* The Circuit Court heard the cross-bill on its merits after issue formed thereon and dismissed it allowing the ejectment action to proceed. These plaintiffs then appealed and gave a bond stipulating for the payment of all costs, disbursements and damages which might be adjudged against them on the appeal. Their opponents, however, prepared to try the action of ejectment, whereupon plaintiffs in the suit applied to and obtained from one of the justices of this court *ex parte* a temporary injunction forbidding the prosecution of the action. The case has

been presented to us on a motion to dissolve this temporary injunction.

Temporary Injunction Dissolved.

*Mr. Thomas Mannix,* for the motion.

*Mr. Hugh Montgomery* and *Messrs. Platt & Platt, contra.*

Opinion Per Curiam.

1. The leading case on this subject is *Livesley* v. *Krebs Hop Co.,* 57 Or. 352 (97 Pac. 718). It was there decided that although injunction was not within the original jurisdiction of this court, yet in order to preserve its jurisdiction over the subject of the suit on appeal it would issue a temporary restraining order *pendente lite.* In that suit the plaintiffs sought to prevent the Krebs Hop Company from enforcing a judgment against them on the ground that the company was insolvent and that, having a good reason for resisting the judgment on appeal, the remedy would be entirely lost to the plaintiff on account of the insolvency of the concern claiming the judgment. Manifestly, under such circumstances, the court would find its efforts futile to render complete justice in the case on account of the inability of the company to restore what it might have unjustly collected. In *Kellaher* v. *Portland,* 57 Or. 575 (110 Pac. 492), Mr. Justice Eakin said:

"This court cannot by injunction protect property rights, or enjoin acts that might result in damage to a litigant. This is the province of the Circuit Court, and this court can only review its action on appeal."

To a like effect is *Brice* v. *Younger,* 63 Or. 4 (123 Pac. 905).

In this case there is no suggestion of the insolvency of either party or that the estate of either of them in

the land will be irretrievably clouded or destroyed unless the injunction be continued to the end of the litigation. As said in *Brice* v. *Younger, supra,* the plaintiff in ejectment would proceed at his peril while the cross-bill remains open for the consideration of this court. If the proceeding in chancery is well founded the court can exercise its equitable powers in restoring the defendant in ejectment to its former situation at the expense of opposing parties. There is no pretense that the equitable authority of the court will be paralyzed if occasion should arise for its use.

2. All the cases hold that injunction in such instances rests in the sound discretion of the court. The temporary restraining order having been granted without notice to the opposing parties, it is of course subject to dissolution on a proper hearing and the question of whether or not the justice who granted it abused his discretion is not here involved. It not being apparent to the court that the rights of either party will be prejudiced beyond repair by withholding this injunction, an order will be entered dissolving the temporary restraining order so that the action in ejectment may regularly proceed subject of course to the final disposition of the cross-bill.          INJUNCTION DISSOLVED.