On motion for decree to protect minor child *pendente lite.* Motion allowed May 26, submitted on briefs on the merits July 15, affirmed September 15, 1925.

# LOUISE CLAGGETT *v.* CLYDE C. CLAGGETT.

(236 Pac. 482; 238 Pac. 1119.)

**Divorce—Divorce Decree from Which Husband Appealed Affirmed, Unless Husband Returns Minor Child to State.**

1. Where husband, after appealing from decree granting wife divorce, giving custody of child to another, took such child out of the state and by his conduct placed wife in fear of her life or of great bodily harm, *held* that, as appeal bond could not cover

---

1. See 9 R. C. L. 467.

damages occasioned by taking child out of state, decree appealed from will be affirmed, unless husband returns child to state.

**Appeal and Error—Party not Permitted to Use Privilege of Appeal as Means of Harassing Opponent.**

2. A party will not be permitted to use his privilege of appeal as means of harassing and annoying opposite party, or to obtain an undue advantage as to jurisdictional matters, in case decree should finally be affirmed.

See (1) 19 C. J. 195.    (2) 3 C. J. 299 (1926 Anno.).

From Marion: PERCY R. KELLY, Judge.

In Banc.

MOTION ALLOWED.

For the motion, *Mr. Ivan G. Martin* and *Mr. Carey F. Martin.*

*Contra, Mr. W. C. Winslow.*

PER CURIAM.—On the twenty-sixth day of April, 1924, the plaintiff secured a decree of divorce from the defendant together with an order directing payment of attorneys' fees and certain sums for the care and maintenance of their minor children.

1. It was further ordered that the custody of one of the minor children, Thomas Claggett, be given to one Harriet Miller. It now appears from affidavits, which are considered sufficient, and from the record, that the defendant has appealed to this court and furnished an undertaking covering costs and disbursements on appeal, and all damages that may accrue; but that in fact he has so conducted himself in respect to the plaintiff as to place her in fear of her life and of great bodily harm on his account; that since the pendency of the appeal here he has in every way striven to annoy and harass her, and that, pursuant to threats to that effect, he has taken the minor,

Thomas Claggett, out of the state and to the state of California.

2. The bond furnished by him could not possibly cover any damages occasioned by his taking the child out of the state, or by his refusing to comply with any order that the court might make on appeal in regard thereto; and it is now ordered that within twenty days from the date of this order he shall return said Thomas Claggett, minor, to this state and to the custody of the said Harriet Miller, and that, if he shall fail to comply with this order, the decree of the lower court shall be affirmed. A party will not be permitted to use his privilege of appeal as a means of harassing and annoying the opposite party, or to obtain an undue advantage in respect to jurisdictional matters, in case the decree should finally be affirmed.

The postoffice address of said Claggett not being known, it is ordered and directed that a copy of this order be served upon W. C. Winslow, his attorney appearing for him in this court.

MOTION ALLOWED.

ON THE MERITS.

AFFIRMED.

For the appellant there was a brief by *Mr. Walter C. Winslow.*

For the respondent there was a brief over the name of *Mr. Carey F. Martin.*

PER CURIAM.—This is a suit for divorce. There is no legal question involved upon this appeal. The only dispute is one of fact. The cause was tried in open court and plaintiff had decree. The lower court heard the testimony and had an opportunity to ob-

serve the demeanor of the witnesses and their manner of testifying. We have read the evidence offered by both parties with great care and are satisfied that the conclusion reached by the lower court was correct.

There being no legal reason for disturbing the findings and decree, the decree appealed from will therefore be affirmed.        Affirmed.