Motion for a stay of proceedings denied September 9, 1952
argued September 9, affirmed September 15, 1953

# BLAIR *v.* BLAIR

247 P. 2d 883
260 P. 2d 960

*Weiser & Bowles,* of Portland, for the motion.
*McCarty, Dickson & Swindells,* of Portland, contra.

BRAND, C. J.

On the 8th day of March, 1951, the circuit court of Multnomah County entered a decree based upon an order of default after personal service, awarding to the plaintiff, Hazel Nadine Blair, a divorce from her husband, Ralph Oscar Blair, and awarding to the defendant, with the consent of the plaintiff, the custody and control of the minor children. On March 31, 1952, the plaintiff filed a motion for modification of the decree and for an order awarding to her the custody of the minor children, together with money for their support. On 8 July 1952, after a hearing, the court made an order for change of custody in substantial compliance with the prayer of the plaintiff and directed the defendant to deliver the minor children to the plaintiff "forthwith." On the same day the defendant served notice of appeal to this court, and on the 11th day of July, 1952 there was filed in said court an undertaking for costs on appeal wherein the surety undertook and promised to pay all damages, costs and disbursements which may be awarded on appeal. The bond provided, however, "but this undertaking does not stay the proceedings in this cause." On the 18th day of July, 1952, the defendant made application in this court for a writ of supersedeas and stay of proceedings concerning the transfer of custody from defendant to plaintiff. On 23 July 1952 the plaintiff filed objections to the application. Briefs were filed and considered. The application was denied by this court on the 28th day of July 1952 and the parties were duly notified. Because of the importance of the question involved it has been thought appropriate that the matter should be covered by written opinion.

■ Two contentions are presented by the defendant in his application for a writ of supersedeas and stay of proceedings. He contends that under the provisions of OCLA, § 10-804 and § 10-805, the notice of appeal and the undertaking for costs and damages operates without further order to stay the proceedings pending the decision of this court upon the appeal of the cause. If his contention is correct, it would follow that he would be permitted to retain custody of the minor children until the decision of the appeal in this court, notwithstanding the fact that the circuit court, after full hearing, has ordered that the defendant deliver the minor children to the plaintiff forthwith. The defendant's second contention is, that if it should be held that the cost bond did not stay the operation of the decree modifying custody, this court has the power to issue a writ of supersedeas for the purpose of preventing the transfer of custody of the children to the mother until the final determination of the decree in this court. We will first consider whether the filing of an appeal and cost bond operates to stay the enforcement of an order transferring custody. In *Sakraida v. Sakraida,* 192 Or 217, 217 P2d 242, 233 P2d 762, a similar situation was presented. A decree for custody of a minor child was modified so as to award custody to the father. The appellant served and filed a notice of appeal and gave an undertaking to pay all damages, costs and disbursements which might be awarded against her on the appeal. The child was in the actual custody of the father and the mother moved for an order restoring the custody to her pending the appeal, on the ground that the appeal bond stays the proceedings. This court cited the provisions of OCLA, §§ 10-804 and 10-805 and then said:

"Whether the quoted portion of § 10-805 is ap-

plicable in any circumstances to a case of this kind is a question left in doubt by our decisions. In Bestel v. Bestel, 153 Or. 100, 44 P. (2d) 1078, 53 P. (2d) 525, it was held that on appeal from an order granting the custody of a child the undertaking mentioned in § 10-805 was sufficient in and of itself to stay the proceedings and that no separate order by the court for this purpose was necessary. It was there assumed that an appeal from such an order was governed by § 10-805. The decision was upon authority of In re Vinton, 65 Or. 422, 132 P. 1165. The construction announced in these cases is not in harmony with what was said on the subject in the later case of Workman's Estate, 156 Or. 333, 353, 65 P. (2d) 1395, 68 P. (2d) 479. * * *''

It was unnecessary for the court to resolve the conflict of authority to which reference was made in *Sakraida v. Sakraida,* because of the fact that the father had already acquired the possession of the child and there was therefore nothing which could be stayed by a bond.

We must now determine whether a bond such as was given in this case operates to prevent the carrying out of the decree of the circuit court awarding a change of custody.

In *Workman's Estate,* 156 Or 333, 65 P2d 1395, 68 P2d 479, an appeal was taken from an order which rejected the application of one person for appointment as administrator and which appointed another to that office. The court said:

"The appeal from the part of the order which refused to appoint the appellant stayed nothing because that part of the order was self-executing and required no affirmative action. * * *''

The next question considered was whether under the provisions of OCLA, §§ 10-804 and 10-805 the

order appointing the administrator was stayed by the filing of the appeal and cost bond. The court gave full consideration to the provisions of the statute and said:

> "\* \* \* We do not believe that the legislature by this enactment intended to stay all proceedings in the numerous cases where the relief sought does not consist of money, property or the execution of a conveyance; \* \* \*."

It was held that the appeal and cost bond did not stay the operation of the order appointing an administrator.

In *Bestel v. Bestel,* 153 Or 100, 44 P2d 1078, this court said:

> "Assuming this to be a case governed by the final sentence of section 7-505, Oregon Code 1930 [now OCLA, § 10-805] which provides that
>
> " 'In cases not provided for in such subdivisions \* \* \* [subdivisions 1, 2, 3 and 4, OCLA, § 10-804] when an appeal is perfected, with an undertaking for the appeal only, proceedings shall be stayed as if the further undertaking thereof had been given', the filing of plaintiff's undertaking on appeal operated to stay proceedings pending appeal \* \* \*."

In view of the able analysis of the statute in Workman's case, we can not longer "assume" that an order changing the custody of a ward of the court is governed by the final sentence of OCLA, § 10-805. We approve the reasoning of the Workman case and deem it unnecessary to repeat what was said there. The quoted statement from *Bestel v. Bestel* is overruled.

The Bestel decision was based upon the decision in *In re Vinton,* 65 Or 422, 132 P 1165. In that case the defendant was sentenced to imprisonment for contempt of court and the sentence was executed, notwith-

standing the fact that he had appealed to the Supreme Court and had given an undertaking "conditioned that the defendant would pay all damages, costs and disbursements awarded against him on appeal in that proceeding, and that if the judgment of contempt should be affirmed, either in whole or in part, he would satisfy the same so far as affirmed. * * *" The defendant brought an original proceeding in habeas corpus and was discharged from custody by this court upon the ground that the execution of the order of imprisonment was stayed by the service and filing of the notice of appeal and undertaking in the contempt proceeding. It is unnecessary to decide by what means a commitment to prison in a contempt case may be stayed, but, insofar as the Vinton case may be deemed to be authority for the ruling in the Bestel case, it is overruled. In the case at bar we hold that the operation of the order changing the custody of the minor children was not stayed by the giving of the notice of appeal and cost bond. To rule otherwise might in some future case have tragic results, leaving a child in the custody of an unworthy person for the period of the appeal, and leaving the court helpless to protect its own ward.

We turn to the defendant's second contention which is that this court has inherent power to issue a writ of supersedeas which would stay the enforcement of the decree changing custody pending decision of the appeal and that we should exercise that power in the pending case. We will consider first the question of power.

In *Livesley v. Krebs Hop Company*, 57 Or 352, 97 P 718, 107 P 460, 112 P 1, the plaintiff brought suit to enjoin the defendant corporation from enforcing by execution a judgment which had been rendered in

favor of the defendant and against the plaintiff. The insolvency of the defendant was alleged and the issues were "of a class concerning which eminent counsel may differ." The trial court dismissed the suit. The plaintiff appealed to this court and filed a petition for a restraining order to stay the execution pending a hearing on the merits. The restraining order was issued. The court said:

> "* * * the threatened enforcement by execution of the judgment, which is the subject of this suit, would operate to satisfy the judgment, and thus nullify any decree this court might render relating thereto, or at least render such a decree difficult of enforcement. * * *"

The court added:

> "The grant of appellate jurisdiction, whether made by the constitution or by statute, necessarily vests in such court all powers of an incidental nature required to make the granted jurisdiction effective. * * *"

The court referred to B & C, Section 420, now OCLA, § 9-404, concerning the power of a circuit court to issue injunctions pending suit and said:

> "And in a case in the appellate court, in which a provisional injunction is proper, Section 420, B. & C. Comp., is equally as applicable as in cases in the circuit court. * * *"

In *Lais v. Silverton*, 77 Or 434, 147 P 398, 150 P 269, 151 P 712, the plaintiff sought an injunction restraining the defendant city from letting improvement contracts and assessing the plaintiff's property therefor. The trial court dismissed the suit thus permitting the city to proceed with the improvement. The plaintiff appealed and moved in this court for an order enjoining further proceedings pending a decision of the

appeal. It will be observed that the case did not fall within any of the five subdivisions of OCLA, § 10-804 which specify the various forms of bond which must be given in order to accomplish a stay of proceedings, nor was there any indication in the opinion that the ordinary cost bond had the effect of a stay. This court issued an injunction on the authority of *Livesley v. Krebs Hop Company,* supra.

In *Kollock & Co. v. Leyde,* 77 Or 569, 143 P 621, 151 P 733, the plaintiff brought suit to foreclose mechanics' liens and on the trial had a decree of foreclosure and sale. The defendants appealed and filed a stay bond pursuant to OCLA, § 10-804, subdivision 4. The plaintiff filed a counter undertaking pursuant to the provisions of OCLA, § 10-806. The defendant made application to the Supreme Court for an order enjoining the sale pending the appeal. It was held that the counter undertaking was not authorized by the statute. The court said:

> "It is settled by the case of Livesley v. Krebs Hop Co., 57 Or. 352 (97 Pac. 718, 107 Pac.460, 112 Pac. 1), that this court has the power to issue a temporary injunction to preserve the *status quo* of property pending an appeal."

The sale was enjoined pending the appeal.

In *Coopey v. Keady,* 81 Or 218, 139 P 108, the plaintiff sued for an accounting of commissions allegedly earned by the plaintiff and defendants as associates. The defendants alleged that their association with the plaintiff had ceased before the commissions were earned. The testimony in the circuit court was in sharp conflict. The defendants had in their possession as a portion of the commissions a large block of the capital stock of a corporation. There was a decree for the

defendants which left them free to dispose of the capital stock. The plaintiff appealed. ˙This court said:

> "* * * It was held, in Livesley v. Krebs Hop Co., 57 Or. 352 (97 Pac. 718, 107 Pac. 460, 112 Pac. 1), that this court had jurisdiction to grant a restraining order in cases pending on appeal. We do not therefore deem it necessary to re-examine that question. We will follow the decision in that case."

The defendants were restrained from the disposing of the property pending the decision on the appeal. The granting or refusal of restraining orders was said to rest in the sound discretion of the court.

In *Noyes-Holland L. Co. v. Pacific L. & L. Co.*, 84 Or 386, 165 P 236, the plaintiffs filed a cross bill in equity seeking to enjoin the defendants from prosecuting an ejectment action. The trial court dismissed the cross bill and permitted the prosecution of the action. A justice of this court issued, ex parte, a temporary injunction forbidding the prosecution of the action. This court dissolved the injunction but recognized the authority of *Livesley v. Krebs,* supra. It was held that the granting of an injunction in such instances is discretionary and that it did not appear that the rights of either party would be prejudiced by dissolving the injunction.

In *Malagamba v. McLean,* 89 Or 302, 161 P 560, 173 P 1177, the plaintiff brought suit to stay the enforcement of an execution which had been issued on a judgment against himself and another. The circuit court sustained a demurrer to the complaint and dismissed the suit. The plaintiff appealed and obtained an order from this court staying the execution of the judgment pending the appeal.

In *Helms Groover & Dubber Co. v. Copenhagen,* 93 Or 410, 177 P 935, there was a contract whereby the

defendants agreed to take over plaintiff's patent and manufacture and sell the patented machines. The defendants violated the contract and the plaintiff sued for and obtained a decree of rescission. The decree was both negative and affirmative in form. It restrained the defendants from manufacturing the machines and affirmatively ordered them to turn over all machines to the plaintiff. Thereafter the defendants filed notice of appeal. On the same day the circuit court entered an order staying a part of its affirmative decree. It permitted the defendants, pending the appeal, to keep and operate 16 machines, thus partially maintaining the status quo. A bond pursuant to OCLA, § 10-804 (3) was given by the defendants and was approved. The plaintiff then, in the Supreme Court, moved for an order restraining the defendants from operating the 16 machines, and, in effect, restoring the effective quality of the original decree. This court said:

"* * * This matter is now governed by statutory provisions which, as a general rule, expressly prescribe what judgments, orders or decrees may be superseded, and upon what conditions. As a general rule, proceedings upon any appealable judgment or order, except in a few enumerated cases, may be superseded upon the filing of a sufficient undertaking. Ordinarily the perfecting of an appeal from a judgment, decree or order stays only affirmative proceedings thereunder. An appeal from a decree granting a prohibitory injunction, which is self-executing and requires no affirmative action, merely maintaining the *status quo* pending the appeal, does not suspend the injunction. On the other hand a mandatory injunction, that is, one which compels affirmative action by the defendant instead of merely preserving the *status quo,* cannot be enforced pending a duly perfected appeal: 2 R. C. L., § 97, p. 122; 22 Cyc. 1010. See, also, Day v. Holland,

15 Or. 464 (15 Pac. 855); Toy v. Gong, 87 Or 454 (170 Pac. 936); 3 C. J., § 1392, p. 1272, et seq.''

It is obvious that in the above-quoted paragraph, the court was considering the cases which come within the terms of the statute which provides for the stay of proceedings upon giving an undertaking on appeal. That statute, OCLA, § 10-804, provides for an automatic stay of proceedings under affirmative decree upon the giving of the required form of bond in the following cases: (1) Judgments or decrees for the recovery of money or personal property or the value thereof. (2) For the recovery of real property or a partition thereof or a foreclosure of a lien thereon. (3) For the transfer or delivery of personal property in certain cases. (4) For the foreclosure of a lien and against the person for the amount of the debt secured thereby. As we have indicated, none of the provisions of that statute cover the case of a decree for the change of custody. The court recognized the inherent power to issue supersedeas in cases not covered by statute in the following language:

"It is the general rule that either the lower or appellate court, according to the circumstances, has inherent power to grant a stay of proceedings pending an appeal even where there is no statute entitling a party to such stay. Where the right to a stay is entirely regulated by statute, or where the statute prescribes the conditions upon which it may be obtained or allowed, the courts cannot grant a stay of proceedings in a case which is not within the statute, or in the absence of compliance with the prescribed conditions: 3 C. J., § 1408, p. 1286; and also § 1410, p. 1289. * * *''

Again the court said:

"* * * yet in order to preserve the subject matter of the appeal pending a hearing upon the merits,

this court may issue a restraining order to aid or protect its appellate jurisdiction: * * *.'' Citing *Livesley v. Krebs Hop Co.,* supra.

■ Although, under the 1943 amendment to OCLA, § 10-803, this court acquires jurisdiction upon the mere filing of the notice of appeal, it is still true that an appeal is not perfected until after the service and filing of an undertaking and from the expiration of the time allowed to except to the sureties thereon or from the justification thereof if excepted to. OCLA, § 10-803. We construe the *Helms Groover & Dubber* case to hold merely that ''as a general rule'' the giving of notice of appeal and filing of a bond as required by statute which constitutes a ''duly perfected appeal'', operates as a stay of decrees compelling affirmative action. Since the court was discussing the situation in a case covered by the statute, the language employed was appropriate to the facts of the case. Notice of appeal had been given and a bond was furnished in strict conformity with the provisions of OCLA, § 10-804 (3), with the result that the stay became effective by the operation of the statute.

We revert to the holding in *Workman's Estate,* supra. In that case an affirmative order appointing an administrator was made by the trial court. The specific provisions of the code for the filing of stay bonds in cases affecting money, property or the execution of a conveyance were held not applicable. The court also considered the last sentence of OCLA, § 10-805 which reads as follows:

''* * * In cases not provided for in such subdivisions, when an appeal is perfected, with an undertaking for the appeal only, proceedings shall be stayed as if the further undertaking thereof had been given.''

It was held that the provisions of that section also did not apply. See supra. The conclusion in that case was, therefore, that there is no statutory provision for a stay in cases of the kind which was there involved. The court then said:

> "* * * However, this court possesses inherent power, as do all appellate courts, to issue orders of supersedeas for the preservation of the subject matter of the appeal, thereby avoiding the imposition of irreparable damage upon the parties; and it may exercise this power even though the appeal is taken from a self-executing judgment or decree: * * *." *In re Workman's Estate,* 156 Or 333, 65 P2d 1395, 68 P2d 479.

Again we quote:

> "* * * this court possesses power to issue orders of supersedeas and to demand undertakings in the event that it should develop that the appointee, [administrator] pending the appeal, is about to engage upon a course of conduct which will injuriously affect the subject matter of the appeal."

In *Claggett v. Claggett,* 115 Or 520, 236 P 482, 238 P 1119, this court exercised its inherent power by issuing in a divorce case a mandatory injunction in furtherance of the decree of the trial court concerning custody. Custody had been awarded to the plaintiff. The defendant appealed and gave a bond covering costs and disbursements on appeal and all damages which might accrue. He then removed the child from the jurisdiction. The Supreme Court ordered him to return the child to this state. The case illustrates inherent power exercised to protect appellate jurisdiction, although not for the purpose of maintaining the status quo.

■ The foregoing review of the decided cases discloses that the questions of inherent power have ordinarily arisen when property rights were involved and

that the power has been exercised to maintain the status quo, or to protect the appellate jurisdiction of the Supreme Court, but we see no reason for limiting the appellate power to cases involving the protection of a party from irreparable loss of a monetary nature. The enforcement of an ill-considered order for transfer of custody of a ward of the court might, in some cases, result in irreparable harm more serious than the enforcement of any writ of execution. We hold that the granting of appellate jurisdiction necessarily vests in this court the power to stay such an order pending an appeal, and that such power is of the incidental nature required to make the granted jurisdiction effective. *Livesley v. Krebs Hop Co.*, supra. An order awarding custody to one who threatens to take the infant outside the jurisdiction of the court pending an appeal might well erect an inseparable barrier against the effective enforcement of the decision on appeal. *Workman's Estate* recognizes this principle, although that case involved an affirmative order concerning the administrator rather than a ward of the court.

The authorities teach, however, that such power should not be lightly invoked. We have repeatedly acknowledged the weight to be given to the decision of the trial court in child custody cases. Only in an extreme case should this court stay the execution of such an order pending appeal. Such interference by this court with the decree of a court of domestic relations, entered after due hearing there, but before we have heard the appeal on the merits, might result in incalculable harm to the child by leaving it for the duration of the appeal in improper hands. In the case at bar, we have found no reason for the issuance of a stay.

Because of the importance of the question, we have explored the power of this court to issue a stay in extreme cases, and finding the power to exist, we now decline to exercise it for these reasons.

The motion for a stay of execution of the order for a transfer of custody has been and is denied.

ON THE MERITS

IN BANC

VIRGIL H. LANGTRY, Judge.

*Lloyd V. Weiser* argued the cause for appellant. On the briefs were Weiser & Bowles, of Portland.

*Edwin J. Welsh,* of Portland, argued the cause for respondent. With him on the briefs were Jack M. McLaughlin and McCarty, Dickson & Swindells, of Portland.

AFFIRMED.

PER CURIAM.

This is an appeal from an order modifying a divorce decree granted in 1951. It transfers the custody of the children of the parties from Ralph Oscar Blair, their father and appellant herein, to Hazel Nadene Behe (formerly Hazel Blair), their mother, and requires appellant to contribute $50 a month for the support of the children, a boy now about nine years of age and a girl now about seven years of age.

Shortly after giving notice of appeal in this matter, appellant moved to stay the operation of the instant order until this court gave its decision on the merits.

■ We have examined the entire record and, on the authority of *Rea v. Rea,* 195 Or 252, 245 P2d 884, and

*Goldson v. Goldson,* 192 Or 611, 236 P2d 314, are persuaded that the evidence warrants the conclusion that there has been a sufficient change in circumstances since the entry of the divorce decree to justify the modification as made and that the welfare of the children will be best served by the change directed.

The order is affirmed, with costs to plaintiff.