On reconsideration filed August 7 of motion for stay denied July 3, 1985, reconsideration granted, motion dismissed for want of jurisdiction January 29, 1986

## In the Matter of the Marriage of

### McMANUS,
*Appellant,*
*and*

### McMANUS,
*Respondent.*

(150,438; CA A36142)

713 P2d 664

Stephen A. Lipton and Craig McMillin, Salem, for the petition.

No appearance contra.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

In this child custody case, mother moved in this court for an order staying a dissolution decree granting custody of the parties' child to father. The issue is whether we have jurisdiction over her motion.

Mother was granted temporary custody of the child during the dissolution proceeding. The trial court awarded permanent legal custody to father. Mother then moved that court to stay that portion of the decree, pending an appeal of the custody determination. The court denied her motion, as did this court subsequently. We now consider the matter on a petition for review, which we treat as a petition for reconsideration. ORAP 10.10.

Mother relies on *Niedert and Niedert,* 28 Or App 309, 559 P2d 515, *rev den* (1977), to support her position that this court may stay a custody award pending an appeal. In that case we said:

> "The appeal process in custody cases will by the very awkwardness of its nature cause similar practical problems in future cases. Such problems should be avoided if possible. Where a change of custody is ordered and the question is close or presents no imminent danger to the child's welfare, a stay should be granted to freeze the situation. In that way, the entitlement of a parent to *de novo* appellate review can be preserved without unnecessary emotional cost to the child. A motion for a stay should first be made to the trial court which, having seen and heard the witnesses, is in the best position to decide upon the wisdom of a stay. If a stay is denied, it would be well if the trial court explains its reasons for the denial so that if a subsequent application is made to this court for a stay, we may give all due weight to the trial court determination." 28 Or App at 317.

Several things may be said about that language. First, it is the purest of *dictum,* for a stay of an order changing custody was not in issue in *Niedert.* Second, the only authority cited is *Von Weidlein/N.W. Bottling v. OLCC,* 16 Or App 81, 514 P2d 560, 515 P2d 936, 517 P2d 295 (1973), *rev den* (1974), which depended upon a provision of the Administrative Procedures Act, *former* ORS 183.480(3) (now ORS 183.482(3)(a)). Third, it completely ignored the then existing version of ORS 107.105(4), which now reads:

"If an appeal is taken from a decree of * * * dissolution of marriage * * * the court making such decree may provide in a separate order for the * * * temporary custody and visitation [of the parties' children]. *No appeal lies from any such temporary order. * * *"* (Emphasis supplied.)

The statement in *Niedert* is generally supported by *Blair v. Blair,* 199 Or 273, 247 P2d 883, 260 P2d 960 (1953), which held that an appellate court has inherent power to grant a stay in a child custody case in order to maintain the *status quo* pending appeal. 199 Or at 287.[1] The court reasoned that, without the authority to stay child custody determinations, incalculable harm might result to children left in improper hands for the duration of an appeal. Be that as it may, *Blair* arose under a completely different statutory scheme than is applicable in this case.

The *Neidert dictum* has encouraged what amounts to an interlocutory appeal in many domestic relations cases involving the custody of children. Unfortunately, we have treated the *dictum* as an accurate statement of the law and have not undertaken an examination of our jurisdiction in the light of the statute until now. Had the trial court granted the stay sought in this case, it would have been the equivalent of a temporary custody order referred to in the statute, and no appeal to this court would have lain. Were we to persist in adhering to the language in *Neidert,* we would be continuing to accord to the equivalent of a denial of a temporary custody order the appealability denied an affirmative order. We do not believe that the legislature intended that. Instead, we now recognize that ORS 107.105(4) requires that we disavow the *Neidert dictum* and recognize that we are without jurisdiction to act on mother's motion.

Petition for reconsideration granted; motion dismissed for want of jurisdiction.

---

[1] It should also be noted that the court in *Blair* held that the filing of an appeal cost bond does not operate as a stay in child custody cases under OCLA §§ 10-804 and 10-805, the predecessors of ORS 19.040 and 19.050. *Blair v. Blair, supra,* 199 Or at 279.