Submitted on Motion of Defendant for Judgment on the Pleadings and Discharging Him from Custody, June 17, decided June 24, 1913.

# In Re VINTON.

### (132 Pac. 1165.)

**Contempt—Appeal—Stay—Bond.**

1. Execution of order of imprisonment in contempt proceedings is stayed by the service. and filing of notice of appeal and an undertaking conditioned for satisfying the same if affirmed, Section 684, L. O. L., authorizing an appeal in such a proceeding in like manner and with like effect as from a judgment in an action.

**Mandamus—Appeal—Stay—Bond—"Judgment."**

2. The determination in *mandamus* requiring the defendant therein to execute a contract and approve a bond is, by provision of Section 601, L. O. L., a judgment, and not a decree, within Section 551, as to whether anything further than giving an undertaking on appeal is necessary to stay proceedings.

**Habeas Corpus—Discharge—Excess of Jurisdiction—Contempt Proceeding.**

3. Proceedings in *mandamus* being under Section 552, L. O. L., stayed by the perfecting of an appeal therein with an undertaking

for the appeal only, the court exceeds its jurisdiction within Section
642, as to discharge from custody on *habeas corpus*, by proceeding,
pending the appeal, to enforce obedience to the peremptory writ of
*mandamus* by contempt proceedings.·

Original proceeding in *habeas corpus* by William T.
Vinton.

Statement by MR. JUSTICE BURNETT.

It appears that the Circuit Court of Yamhill
County on May 27, 1913, issued a writ of peremptory
*mandamus* requiring the defendant, as mayor of the
City of McMinnville, to execute on behalf of the mu-
nicipality a paving contract and approve a bond given
to secure the performance thereof. On May 28th a
motion for a new trial of the *mandamus* proceeding
was overruled, and the defendant on that date gave
and filed his notice of appeal to this court from the
order directing the writ to issue. On the following
day he filed his undertaking on appeal therein, condi-
tioned to pay all damages, costs and disbursements
which might be awarded against the defendant on the
appeal. On that same day an order of the Circuit
Court was issued and served upon the defendant, re-
quiring him to show cause on June 2, 1913, why he
should not be committed for contempt in persisting in
his refusal to sign the contract and approve the bond
above mentioned. Notwithstanding the notice and
undertaking on appeal had been filed as stated, the
Circuit Court on the date last named adjudged the
defendant guilty of contempt, imposed upon him a
fine of $300, and committed him to imprisonment in
the county jail without bail for a period not to exceed
six months from the date of the order, unless he
should sooner obey the commands of the peremptory
writ of *mandamus*. On the very day the order of
commitment was made, the defendant filed in the
Circuit Court his notice of appeal in the contempt pro-

ceeding, together with an undertaking on that appeal signed by two justifying sureties, conditioned that the defendant would pay all damages, costs and disbursements awarded against him on appeal in that proceeding, and that if the judgment of contempt should be affirmed, either in whole or in part, he would satisfy the same so far as affirmed. Notwithstanding all the transactions thus recited, the sheriff of Yamhill County took the defendant into custody, and imprisoned him for the contempt specified. The writ of *habeas corpus* herein was thereupon issued out of this court to inquire into the legality of his detention. The sheriff having made his return to the writ to the effect that he held the defendant by virtue of the order adjudging the defendant guilty of contempt, issues were framed substantially setting forth the proceedings as already narrated, and the defendant has moved the court for a judgment on the pleadings discharging him from imprisonment.

DEFENDANT DISCHARGED.

For the motion there was a brief over the names of *Mr. Martin L. Pipes, Messrs. McCain, Vinton & Burdett* and *Mr. B. A. Kliks.*

*Contra,* there was a brief over the names of *Mr. George G. Bingham* and *Mr. H. M. Easterly.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The question to be determined is whether the defendant is legally deprived of his liberty, for the rule is that "if it appear on the return that the prisoner is in custody by virtue of an order or civil process of any court legally constituted, or issued by an officer in the course of judicial proceedings before him, authorized by law, such prisoner shall only be dis-

charged in one of the following cases: (1) When the
jurisdiction of such court or officer has been exceeded,
either as to matter, place, sum or person. * * (4)
When the order or process, though in proper form,
has been issued in a case not allowed by law * * '':
§ 642, L. O. L.

1. At the threshold of this investigation we are con-
fronted with the fact that, although the court had
adjudged the defendant guilty of contempt and com-
mitted him to prison, the defendant had given an un-
dertaking and had filed his notice of appeal coupled
with an undertaking conditioned for a stay of pro-
ceedings in that very litigation. It is stated in Sec-
tion 684, L. O. L., that "either party to a judgment
in a proceeding for a contempt may appeal there-
from, in like manner and with like effect as from a
judgment in an action. * * '' It is declared also in
Section 551, L. O. L., that "the undertaking of the ap-
pellant shall be given with one or more sureties, to
the effect that the appellant will pay all damages,
costs, and disbursements which may be awarded
against him on the appeal; but such undertaking does
not stay the proceedings, unless the undertaking fur-
ther provides to the effect following: (1) If the judg-
ment or decree appealed from be for the recovery of
money, or of personal property, or the value thereof,
that if the same or any part thereof be affirmed, the
appellant will satisfy it so far as affirmed. * * ''
So far, then, as the actual detention of the defendant
is concerned, the execution of the order of impris-
onment was stayed by the service and filing of the
notice of appeal and undertaking in the contempt pro-
ceedings, for such an undertaking is operative from
the date of its filing: *Anderson* v. *Phegley,* 54 Or. 102
(102 Pac. 603). This of itself would discharge the
prisoner until the contempt proceeding could be heard

in this court on appeal. The record, however, discloses farther back another insuperable objection to the imprisonment of the defendant. In addition to the instance already quoted from Section 551, prescribing additional conditions to be inserted in an undertaking to work out a stay of proceedings, that section has Subdivisions 2 and 3, the one relating to a judgment or decree respecting the recovery of possession, or partition of real property, or the foreclosure of a lien thereon, and the other concerning a decree requiring the transfer or delivery of personal property. A fourth subdivision applies to a decree for the foreclosure of a lien, and contains this further condition: "When the decree appealed from requires the execution of a conveyance or other instrument, execution of the decree is not stayed by the appeal, unless the instrument is executed and deposited with the clerk within the time allowed to file the undertaking, to abide the decree of the appellate court."

2. Although forms of actions and suits as prescribed at common law have been abolished, yet the distinction is carefully preserved in this state between actions at law, suits in equity, and what are known to our code as special proceedings. A judgment is defined to be the final determination of the rights of the parties in the action: L. O. L., § 179. Under the equity procedure, "the final determination of the rights of the parties thereto is called a decree * * *" (§ 409, L. O. L.); while the final determination of the rights of the parties in a special proceeding, among which are the writ of *mandamus,* the writ of *habeas corpus,* and the punishment of contempt, is denominated a judgment: § 601, L. O. L. With these distinctions between judgments and decrees in mind, it is manifest that the decision of the court in the *mandamus* proceeding was not a decree within the meaning

of that part of Subdivision 4 of Section 551, L. O. L. *supra,* which has been quoted. The determination of the *mandamus* litigation which required the defendant to execute the contract mentioned and approve the bond given in connection therewith was a judgment, and is not governed by the excerpt from Subdivision 4 of Section 551 just mentioned, as that applies only to decrees in equity. It is provided in Section 552, L. O. L., that in cases not provided for in the subdivisions of Section 551, when an appeal is perfected with an undertaking for the appeal only, proceedings shall be stayed as if the further undertaking thereof had been given.

3. The deduction is plain that, when the defendant in the *mandamus* proceeding served and filed his notice of appeal with an undertaking conditioned to pay all damages, costs, and disbursements which might be awarded against him on the appeal, it operated to suspend further proceedings by the Circuit Court in the *mandamus* action. Hence, when called upon to show cause on June 2, 1913, why he should not be punished for contempt, the defendant was able to and did exhibit to the court a situation in which the authority to enforce obedience to the peremptory writ of *mandamus* by contempt procedure had been suspended by the stay of proceedings which resulted by operation of law from the filing of the notice of appeal and undertaking. Although the law says in such cases that the enforcement of the peremptory writ must be suspended until the merits of the controversy can be determined on appeal, the Circuit Court pushed its determination to the bitter end of punishment, and in so doing exceeded its jurisdiction within the meaning of Subdivision 1 of Section 642, L. O. L., *supra.* Although literally in proper form, the order or process under which the defendant is detained has been

issued in a case not allowed by law. The Circuit Court ignored the precepts of the statute suspending execution until further hearing when proper security is given. The record discloses that the liberty of a citizen has been taken from him in a manner not sanctioned by the laws of the land.

A judgment will be entered discharging him from custody.

DEFENDANT DISCHARGED.