Argued April 22; reversed May 17, 1932.

DE MEYER *v.* HURLBURT, SHERIFF

(11 P. (2d) 286)

*G. E. Hamaker,* of Portland (Dow V. Walker, of Portland, on the brief), for appellant.

*W. Y. Masters* and *Charles S. Cohn,* Deputy District Attorney, both of Portland (Lotus L. Langley, District Attorney, of Portland, on the brief), for respondent.

CAMPBELL, J. On October 1, 1930, there was filed an amended complaint against P. Lauman, W. E. Shoemake, and John Brown, defendants, seeking to foreclose a chattel mortgage on some rooming house furniture. Plaintiffs did not take the mortgaged chattels into their possession. Defendants Shoemake and Brown filed separate answers, neither of which are

material to the issues herein. Defendant Lauman defaulted. Upon hearing, the court entered a judgment and decree against P. Lauman and W. E. Shoemake and foreclosed the chattel mortgage and further decreed and ordered that defendant John Brown, his successors and assigns, turn over to the sheriff of Multnomah county the chattels described in the "chattel mortgage" aforesaid.

On the judgment and decree, execution was issued and the sheriff, according to his return on the writ of execution, demanded of the petitioner herein that she pay the judgment. "I demanded of Mrs. DeMeyer, successor in interest of defendants herein, the amount of the judgment." On her refusal to comply, the plaintiff filed an affidavit to the effect that petitioner had refused to turn over to the sheriff the chattels described in the "complaint," and moved the court that an order issue citing petitioner herein to show cause why she should not be punished for contempt of court for her disobedience of the court's order in refusing to turn over to the sheriff the chattels described in the "chattel mortgage."

On June 11, 1931, in accordance with said motion, an order to show cause was issued and served on petitioner herein, who answered to the order on the merits stating, in effect, that she was the owner of the chattels and had been such owner at, and prior to, the time suit was commenced and that she was not a party to the suit and therefore was not bound by any orders made therein.

On this answer to show cause, and without any reply being filed thereto, the court evidently held a somewhat summary hearing. On the hearing no order was entered.

Thereafter on June 30, 1931, plaintiff again filed a motion requesting the court to issue a warrant for the petitioner herein and that she be committed to the county jail until she comply with the order of the court to turn over the property described in the "complaint."

On June 30, 1931, the court ordered:

"That a warrant be issued for the arrest of Eliza DeMeyer for failure to comply with the order of the court heretofore made, to deliver to the sheriff of Multnomah County, Oregon, the personal property described in the 'complaint' in the above entitled cause, and that she be committed to the jail of Multnomah county, Oregon, and there confined until she shall comply with said order, or until further order of the court."

On said date, pursuant to said order, a warrant of arrest was issued by the county clerk and placed in the hands of the sheriff for service on the petitioner herein.

On July 14, 1931, a further order was made by the court in which is recited:

"It appearing to the court that on June 30, 1931, a warrant was issued pursuant to the order of the court, directed to the sheriff of Multnomah County, Oregon, commanding him to arrest one Eliza DeMeyer and committing her to the county jail until she should comply with the order of the court heretofore made in the above entitled cause, and

"It further appearing to the court that on July 9, 1931, said sheriff arrested said Eliza DeMeyer, but by inadvertence has failed to retain her in custody as required by said writ of arrest, and that said Eliza De-Meyer has not complied with the order of the court aforesaid;

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that a warrant be issued for the arrest of Eliza DeMeyer, for failure to comply with the

order of the court heretofore made, to deliver over to the sheriff of Multnomah county, the personal property described in the decree, execution and order of sale in the above entitled cause, and that she be committed to the County Jail of Multnomah county, Oregon, and there be confined until she shall comply with said order and be ordered discharged by the court.''

On said date in pursuance of said order, the following warrant of arrest was issued:

''To the sheriff of Multnomah County: Greetings: In pursuance of an order of said court, you are commanded to arrest Eliza DeMeyer and confine her in the County Jail of Multnomah county, Oregon, and be there confined until she shall comply with the order of the court heretofore made, and be ordered discharged by the court.''

Thereafter the sheriff executed said warrant of commitment on which petitioner herein is confined.

The record discloses, that on July 31, 1931, an order was filed with the clerk dated June 26, 1931, wherein petitioner was ordered and adjudged to immediately turn over said property and the whole thereof, to the sheriff and that if she failed to do so she shall be judged in contempt of court.

On July 17, 1931, an order was made and entered in which the court found:

''That said Eliza DeMeyer, is in contempt of this court for not turning over said property to the sheriff of Multnomah county, to be sold by said sheriff in accordance with the decree of the court, and if she fails to immediately comply with said order, that a warrant of arrest be issued to the Sheriff of Multnomah County, Oregon, commanding him to arrest said Eliza DeMeyer and confine her in the County Jail of Multnomah county, Oregon, until she shall comply with said order or be released by order of the court.

''It further appears to the court, that this order was duly made by the court upon the hearing of this

cause on June 24, 1931, but inadvertently omitted from the journal of the court, it is further ordered that it shall be entered *nunc pro tunc* as of June 24, 1931.''

It is but fair to say that the judge, before whom the petition for the writ of habeas corpus was heard, had nothing to do with the cause prior to the hearing on said writ.

Section 28-1506, Oregon Code 1930, provides:

''Every judicial officer has power,— * * *

''2. To compel obedience to his lawful orders, as provided in this Code.''

On July 15, 1931, said Eliza DeMeyer filed her petition for a writ of habeas corpus against the sheriff setting up the facts hereinbefore stated, and asking for a hearing and a discharge from custody.

To said petition, the sheriff made his return and attached a copy of the warrant, issued July 14, 1931, (hereinbefore quoted) under which the petitioner was retained in custody.

Upon hearing, the court denied the petition and remanded the petitioner to the custody of the sheriff. Petitioner appeals.

The contempt proceedings were evidently taken by virtue of section 8-501, Oregon Code 1930, which reads as follows:

''The following acts or omissions, in respect to a court of justice, or proceedings therein, are deemed to be contempts of the authority of the court: * * *

''5. Disobedience of any lawful judgment, decree, order or process of the court. * * *.''

There may be some question as to the lawfulness of the order of the court in requiring the defendant, ''John Brown and his successors and assigns to forthwith turn over to the sheriff * * * the personal property described in the 'chattel mortgage' aforesaid.'' But on that question we express no opinion.

The Oregon Code 1930, section 54-201, et seq: provides for chattel mortgages and their foreclosure, who is entitled to the possession of the chattels on breach of the conditions of the mortgage, and how possession may be obtained by the party entitled thereto.

The warrant attached to the sheriff's return is his only authority for holding petitioner. The warrant is insufficient.

"When the contempt consists in the omission or refusal to perform an act which is yet in the power of the defendant to perform, he may be imprisoned until he shall have performed it, and in such case the act must be specified in the warrant of commitment." Oregon Code 1930, § 8-512.

The act specified in the warrant herein is too indefinite; "until she has complied with the order of the court heretofore made" does not designate any particular order. It is the act designated in the order that must be specified in the warrant of commitment. When an officer arrests a person for contempt of court, which contempt consists in the refusal to perform an act, the warrant must be sufficiently definite as to the nature of the act so as to enable the officer to determine what act the defendant is required to perform, so that the defendant may perform the act and be discharged. When the defendant was brought before the court on the petition of habeas corpus, the court could not determine from the face of the return to the writ what act the defendant was required to perform.

The judgment of the lower court in remanding the petitioner is error.

The writ should have been allowed and the defendant discharged.

It is so ordered.

BEAN, C. J., ROSSMAN and RAND, JJ., concur.