Stay of proceedings denied May 21; argued on merits December 13,
1935; reversed January 14; rehearing denied March 24, 1936

# BESTEL *v.* BESTEL
## (44 P. (2d) 1078, 53 P. (2d) 525)

*F. Leo Smith,* of Portland, for appellant.
*Benjamin Goodman,* of Portland, for respondent.

KELLY, J. A decree of divorce was entered herein and the custody of the minor child of the parties was then awarded to plaintiff. Subsequent orders concerning the custody of said child were made. On March 26, 1935, an order was made awarding the custody thereof to the defendant for a period of six months dating from the 1st day of March, 1935, and then to the plaintiff for six months beginning with the 1st day of September, 1935, and providing that his custody shall thereafter alternate between the two parents for periods of six months each until the child shall have arrived at the age of six years at which time a further order will be made by the court.

■ Plaintiff appeals from said order of March 26, 1935, has filed an undertaking upon appeal; and now presents an application for stay of proceedings pending appeal.

Assuming this to be a case governed by the final sentence of section 7-505, Oregon Code 1930, which provides that

"In cases not provided for in such subdivisions [subdivisions 1, 2, 3 and 4, section 7-504, ibid] when an appeal is perfected, with an undertaking for the appeal

only, proceedings shall be stayed as if the further undertaking thereof had been given", the filing of plaintiff's undertaking on appeal operated to stay proceedings pending appeal: *In re Vinton,* 65 Or. 422 (132 P. 1165).

While the authorities in sister jurisdictions are in conflict as to the necessity of a special order by the court staying proceedings, after the filing of the required undertaking (3 C. J. Appeal and Error, section 1407, p. 1286), this court, in the case above cited, deemed such an order to be unnecessary, and we are not inclined to change the rule there announced.

Plaintiff's application is denied.

---

Argued December 13, 1935; reversed January 14; rehearing denied March 24, 1936

ON THE MERITS

(53 P. (2d) 525)

Department 2.

RAND, J. On September 5, 1934, in a suit then pending in the circuit court for Multnomah county and heard before the Honorable Clarence H. Gilbert, one of the judges thereof, the plaintiff, Malka Bestel, was granted a decree of divorce from the defendant, Fred Bestel, and was awarded the custody of their minor child, Frederic Bestel, then about 15 months of age.

On January 24, 1935, the defendant filed a motion in said court, supported by his own affidavit alone, praying that the child be taken from its mother and be awarded to him. This affidavit wholly failed to show that any change in the condition of things had occurred after the entry of the decree or that any valid

grounds existed warranting a modification of the decree in respect to the custody of the child. Affidavits in opposition thereto were filed on behalf of the plaintiff, and on January 30, 1935, a hearing was had on said affidavits, the plaintiff being present at the time with her witnesses and not being permitted to offer any testimony, either for or against the motion, but at that time she was directed to bring the child into court. Thereafter and on February 4, 1935, and while the plaintiff was present in court with the child, without making or entering any written order and purely on the verbal order of Judge Gilbert, the child was taken from the custody of the mother and delivered over to the Waverly Baby Home, where it was kept for 56 days. Subsequently and on the 28th day of March, 1935, another hearing was had before Judge Gilbert at which time the plaintiff was present and not permitted to testify or offer any evidence in her behalf. Another verbal order was made, directing that the custody of the child should be awarded to the father for the period of six months and after the expiration of that period that it should be turned over to the mother for a like period of time and that thereafter the custody of the child should alternate between them for like periods of time until the child should reach the age of six years, at which time it was directed that an order should then be made determining who should have the permanent custody of the child. At this hearing on March 28, 1935, the only testimony was that of Mrs. Neth, the chief probation officer of the department of domestic relations, over which Judge Gilbert, in addition to his duties as circuit judge, has jurisdiction under the statute. The testimony given by this probation officer was wholly hearsay and none of it was competent or admissible as evidence in the case. From

this order last referred to, which was not entered of record until April 6, 1935, and was then entered as a nunc pro tunc order as of March 26, 1935, the plaintiff has appealed.

Until April, 1935, no entry of any order in respect to any of the matters above referred to was made of record and everything that had been done in respect to the custody of this child was done pursuant to the verbal orders of the court, and there was no record made of any of said proceedings except merely the filing of said affidavits, and all orders entered in respect to any of said matters were nunc pro tunc orders entered long after these verbal orders had been made and, from each and all of these orders, it appears that the court acted on information secretly conveyed to him by Mrs. Neth, whom he had ordered to make an investigation, none of which said information was or ever has been made a matter of record in said cause.

The order appealed from is in the following words:

"The motion of the defendant, asking that the decree herein be modified as to the custody of the minor child by taking custody from the mother (plaintiff) and awarding the child to defendant, came on for hearing on the 30th day of January, 1935, and the court having heard the arguments of counsel and considered the affidavits for and against said motion, and also having had the benefit of an investigation by the staff of this department pursuant to an order for such investigation entered herein on the 30th day of January, 1935, and there having been disclosed a situation of extreme and unwarranted bitterness between the parents of the child and their relatives, which is extremely disastrous to the welfare of the child, it is therefore ORDERED that the custody of said child be, and it is hereby; awarded to the father for a period of six months dating from the 1st day of March, 1935; that the mother have the custody of said child for six months beginning with the 1st day of September, 1935;

the custody of the child thereafter to alternate between the two parents for periods of six months each, until it arrives at the age of six years, at the expiration of which time the court will determine such disposition as may be best for the welfare of the child. During the time the child is in the custody of the plaintiff, the defendant is ordered to pay to the clerk of this court for its support the sum of $15.00 per month. The parent not having custody may visit the child while it is in the home of the other parent, and the court enjoins the parties and their relatives to refrain from all controversy, discord or discourtesy during the occurrence of said visits; and if either party, or those with whom they place the physical custody of the child, wilfully violates this injunction, the court may, on its own motion, upon such facts being shown, change the custody of the child as the situation as disclosed after hearing and investigation may warrant. The controversy and discord in regard to the custody of this child having been constantly brought to the attention of this court and its staff, unofficially, practically ever since the decree was granted, should said discord and controversy continue in the future to the detriment of said child, as it has in the past, the court reserves the right of its own motion, after notice to the parties and due hearing, of again changing the custody of said child in such manner as may appear best for its welfare.

"It is further ORDERED that said minor child shall not be taken out of the State of Oregon by either of the parties, or any one else, without the written approval of this court first obtained. It is further ORDERED that the temporary order heretofore made on the 4th of February, 1935, temporarily committing said minor child to the Waverly Baby Home, be, and it is hereby vacated, and that the defendant pay the cost of keeping said child in said Waverly Baby Home while there.

"This order having been made on the 26th day of March, 1935, and not entered on that date through inadvertence on the part of the court, it is hereby ORDERED that this modification of decree be effec-

tive as of March 26, 1935. (Signed) Clarence H. Gilbert, Judge."

The other nunc pro tunc orders read as follows:

"The defendant having filed a motion herein on the 24th day of January, 1935, asking that the decree of the court entered on the the 10th day of September, 1934, awarding the custody of the minor child of the parties to the plaintiff, be modified by giving the custody of the child to the defendant, which motion came on for hearing on the 30th day of January, 1935, and the court having considered the affidavits of the parties for and against said motion, and having listened to arguments by counsel, and being in doubt as to what disposition should be made of the child for its welfare, the said doubt arising principally on account of the interference of relatives of the parties,

"Now, THEREFORE, in order to enable the court to make a proper disposition of the child under these unfortunate circumstances, it is hereby ORDERED that an investigation be made by the staff of this court of the child and its parents and the relatives of the parties who are concerned with this case.

"This order for investigation having been verbally made by this court on or about the 30th day of January, 1935, and the court having failed to enter a written order, it is hereby ordered that this order be effective nunc pro tunc as of the 30th day of January, 1935. (Signed) Clarence H. Gilbert."

"This court having heretofore, on the 30th day of January, 1935, ordered an investigation by the staff of this court to aid it in awarding the custody of the minor child of the parties, and there having been already disclosed a feeling of extreme bitterness and contention between the parties, and particularly between the relatives, rendering it desirable for the welfare of said child that it be placed for a time in neutral hands, it is therefore ORDERED that said minor child be placed temporarily, and until further order of this court, pending a decision on a motion now before the court with regard to the custody of said child, in the Waverly Baby Home, of Portland, Oregon, and that the parents of

said child have equal visiting privileges with said child at said home, and that no one excepting the parents of the child themselves be permited to visit said child while in said home.

"This order for temporary commitment to Waverly Baby Home having been verbally made by this court on or about the 4th day of February, 1935, and the court having failed to enter a written order, it is hereby ordered that this order be effective nunc pro tunc as of the 4th day of February, 1935. (Signed) Clarence H. Gilbert, Judge.

"Plaintiff's motion 'To vacate order changing custody of minor child, and if such motion is denied, motion to place custody of child in plaintiff pending appeal', came on for hearing on the 3d day of April, 1935, and it appearing to the court, from a reading of the motion, that all matters therein contained were passed upon in the Order awarding custody of the minor child of the parties duly made and entered on the 26th day of March, 1935, and the Court having refused to hear arguments of counsel, it is therefore ORDERED that said motion be, and it is hereby denied. (Signed) Clarence H. Gilbert, Judge."

■■ We have set up this series of orders, which were entered nunc pro tunc long after this 15-months-old child had been taken from the custody of its mother and delivered over first to the Waverly Baby Home and then to the father, to show the course of procedure that was adopted and followed by the court in these proceedings which are wholly equitable in their nature and which should have been governed by the usual rules of practice and procedure pertaining to a court of equity. In the absence of a showing that some change in the condition of things has occurred subsequent to the entry of a decree of divorce which awards the custody of a minor child to one of its parents, or that there has been some misconduct on the part of the one having the custody, the decision of the court awarding

the custody of a minor child is final and can not be modified by the court rendering it. See *Merges v. Merges*, 94 Or. 246 (186 P. 36); *Rasmussen v. Rasmussen*, 113 Or. 146 (231 P. 964); *Ellenburg v. Woodson*, 131 Or. 440 (283 P. 27); *Sachs v. Sachs*, 145 Or. 23 (25 P. (2d) 159, 26 P. (2d) 780). And when an order changing the custody of a minor child is made, it can be done only after notice and an opportunity to be heard has been awarded to the parties and an order made and entered in the suit.

■ As we have stated, the only competent evidence before the court at the time this child was taken from the custody of its mother and turned over to the Waverly Baby Home, and later to its father, is the affidavit of the defendant and this wholly fails to state any misconduct upon the part of the mother or any change in the condition of things since the rendition of the original decree. The court, therefore, had no authority to order the child to be taken from the custody of its mother or to modify the original divorce decree in any respect.

■ It appears from these nunc pro tunc orders that, immediately following the filing of defendant's affidavit, the court directed "that an investigation be made by the staff of this court of the child and its parents and the relatives of the parties who are concerned with this case". The orders also recited that the court "had the benefit of an investigation by the staff of this department pursuant to an order for such investigation entered herein on the 30th day of January, 1935". What information was conveyed to Judge Gilbert by the members of his staff is not disclosed by the record, but the orders made by him and later entered in the case show that he not only received but that he acted upon the information secretly conveyed to him by the

members of his staff. Such a course of procedure is unknown to our law. It is contrary to the very essence of the administration of law in any judicial proceeding. Judge Gilbert had no more right or authority to consult with or be advised by any member of his so-called staff in his decision of this case than would the judge of any court have the right and authority to go outside the record and be governed by communications privately conveyed to him in respect to matters pending before him for decision. Section 10 of article I of the constitution of this state provides:

"No court shall be secret, but justice shall be administered openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

In justice to Judge Gilbert, it may be stated that he is the particular circuit judge having jurisdiction over the department of domestic relations and is required, when exercising jurisdiction thereover, to appoint such probation officers as are recommended to him by the Child Welfare Commission of the state of Oregon, and, in respect to such matters, Mrs. Neth is his chief probation officer of that department and, as such, she makes reports to him. Obviously both of them believed that he as circuit judge had jurisdiction and authority to appoint her to obtain information for him in respect to the custody of this child. Section 28-849, Oregon Code 1930, provides:

"There shall be automatically assigned to the department of domestic relations herein provided for all uncontested divorce suits and all divorce suits where the parties have a child or children under 18 years of age, and all of the proceedings mentioned in the foregoing section, now pending, or such suits and proceedings of the same character which may here-

after be filed, (and) shall be heard and determined in said department of domestic relations."

Under this section, these proceedings came regularly on for hearing before Judge Gilbert but, while acting as circuit judge, in the trial of the proceedings, there is no statutory authority for any investigation to be made by any person. The proceedings are to be determined in his court as in all the other circuit courts of the state. Section 23, article IV of the constitution, provides:

"The legislative assembly shall not pass special or local laws in any of the following enumerated cases, that is to say:   *   *   *   3. regulating the practice in courts of justice."

■ While acting as a circuit judge and in respect to any matters coming before him as such, Judge Gilbert can have no chief of staff or other probation officer to make any investigation for him or render to him any advice in respect to any matter that is pending before him for judicial decision. Such advice, if tendered, would constitute a contempt of court and would be punishable as such.

As will be seen there is some confusion, not relevant, in the dates when some of these proceedings were had. This arises from the fact that the record shows that Mrs. Neth's testimony was taken on the 28th of March while the orders later made and based thereon are dated as of March 26.

The order appealed from will, therefore, be reversed and each and all the orders referred to must be vacated and set aside. The cause will be remanded to the court below with directions to restore the custody of the child to its mother in accordance with the directions contained in the original decree, and it is so ordered.

CAMPBELL, C. J., and BEAN and BAILEY, JJ., concur.