Argued January 4, affirmed February 21, 1950

## SHRADAR *v.* SHRADAR

214 P. (2d) 803

*Francis J. Krause,* of Portland, argued the cause for respondent. With him on the brief was Edward A. Boyrie, of Portland.

*John Robert Jordan,* of Portland, argued the cause for appellant. On the brief was Francis F. Yunker, of Portland.

Before LUSK, Chief Justice, and BRAND, BELT, ROSS-MAN and HAY, Justices.

200

**LUSK, C. J.**

This case involves the custody of a minor child. The appeal is from an order of the Circuit Court for Multnomah County (Department of Domestic Relations) denying the motion of the mother for the modification of a default decree of divorce obtained by the plaintiff and respondent, Jennings Bryan Shradar, in which the custody of a boy, Kenneth James Shradar, then aged five, was awarded to the father, and that of a girl, Jane Marie Shradar, then aged fifteen, was awarded to the mother, M. Louise Shradar, the defendant and appellant. By her motion Mrs. Shradar sought the custody of the boy, Kenneth.

The grounds of defendant's motion are set forth in her affidavit in which she says that by a property settlement made by the parties it was "provided that the plaintiff would pay to the defendant the sum of $30.00 per month for the support of each of the minor children herein"; and that the complaint contained allegations that the plaintiff was a fit person to have

the custody of Kenneth and the defendant was a fit and proper person to have the custody of Jane, and that the parties had made an arrangement between themselves that the defendant should care for the children and the plaintiff would contribute $30.00 per month for each of them. She further swore that from the property settlement and complaint she understood that she was to have the actual care, custody and control of both children; that she is a fit person to have such custody; that, contrary to the provisions of the complaint and property settlement, the plaintiff secured a decree granting him the custody of Kenneth; that Kenneth had remained in her custody since the decree; that, owing to the fact that she had been working, Kenneth had been kept in the home of a neighbor until on or about May 24, 1948, at which time the plaintiff took the child to his home, and that when he did so he forcibly assaulted the defendant. The affidavit concludes: "That I make this affidavit for the purpose of modifying the decree herein by granting the care, custody and control of Kenneth James Shradar to me."

The Circuit Court appears to have treated the defendant's motion both as a direct attack on the decree for fraud or mistake, and as a motion to modify based on changed conditions.

While we have grave doubt, in view of such decisions as *Crabill v. Crabill*, 22 Or. 588, 30 P. 320, as to the propriety of the former course, we have nevertheless considered the question of fraud or mistake, and agree with the Circuit Court that neither is established. The property settlement agreement says nothing about the custody of the children, although an inference might be drawn that the mother was to have the

custody of both children from the father's agreement to pay her $30.00 a month for the support of each of them. It appears, however, that the parties made the somewhat unusual arrangement that, following the divorce, the plaintiff was to continue to occupy a room in the home in which they had lived as man and wife, and which, under the terms of the agreement, became the property of Mrs. Shradar. Shradar swore in an affidavit resisting the motion:

"* * * It was through persuasion on the part of the defendant that I asked the court for the custody of Kenneth James Shradar only and the reason for so doing was that the defendant and I had entered into an agreement that I was to have a room at the home where we had been living as man and wife at 4512 S. E. Clinton Street, in the City of Portland, Oregon. This agreement was entered into on my part in order that I would have supervision of both children and not only that of Kenneth James Shradar. I further agreed that so long as I was given a room I would pay to the defendant Thirty ($30.00) Dollars per month for the support of said Kenneth James Shradar."

■ These statements were not challenged by the defendant either by affidavit or sworn testimony at the oral hearing, and we therefore agree with this statement of the Circuit Court in a memorandum opinion: "While there is some ambiguity between the language of the agreement and the decree, the Court is of the opinion, particularly in view of the testimony, that it was the intention of the parents that the father was to have the custody of the boy." Apart from the foregoing, it is difficult to understand how the defendant could have been deceived, since she was personally served with a copy of the complaint, which alleged the plaintiff's fitness to have the custody of Kenneth

and asked for a decree "granting to plaintiff the sole custody, care and control of Kenneth James Shradar, aged five (5) years, one of the minor children to the parties thereto".

■ What has been said is not to be taken as carrying with it the implication that an agreement of the parties to a divorce suit about the custody of the children is of any binding force with the court, whose sole concern is the welfare of the children involved. If the disposition of the children sought to be made by an agreement of the parties does not coincide with their welfare, the court is, of course, at liberty to disregard it.

■ Treating the motion as one to modify the decree, it is, of course, well established that the court has no jurisdiction in that regard, in the absence of a change in the condition of things subsequent to the decree. *Bestel v. Bestel,* 153 Or. 100, 108, 44 P. (2d) 1078, 53 P. (2d) 525.

■ So far as we are able to ascertain from the affidavit in support of defendant's motion and the statement of her counsel at the oral hearing, the only change in condition that is claimed consists in the plaintiff's action in removing Kenneth from the house where he was staying and taking him to his own home (the plaintiff in the meantime having remarried). This occurred in May, 1948. Before that time Mr. and Mrs. Shradar had quarreled, and, on March 25, 1948, she filed a forcible entry and detainer action against him, and he thereupon quitted Mrs. Shradar's house. We can find nothing in this or in any other fact established by the evidence which would justify us in saying that there had been such a change in conditions as to justify the court in modifying its decree.

It should be added that at the oral hearing the testimony took a wide range respecting the conduct and character of the parties to this suit. It is apparent that Judge Long, who is unusually well qualified by experience and ability to pass upon questions of this nature, was of the opinion that the present arrangements for the care and custody of these unfortunate children is about as good a one as can be made under the circumstances. In a matter of this kind we would not be disposed to differ with him in the absence of a very strong showing that he is wrong.

The decree will be affirmed.