Submitted on briefs January 4, affirmed February 1, 1956

## BARANET *v.* BARANET

292 P. 2d 793

*Thomsen, Hoyez & Rader,* and *Yunker, Fewless & Hannam,* of Portland, for appellant.

### PER CURIAM.

This is an appeal by the defendant from a decree of the circuit court denying a change of custody of a minor child of the parties from the plaintiff to the defendant.

In December, 1952, the plaintiff commenced suit for a divorce from the defendant. In December, 1954, the matter was tried, and a decree of divorce entered which provided in part as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a copy of the transcript of testimony together with the entire file herein be forwarded to the Juvenile Court for Multnomah County for investigation into the best plan for the care, custody and control of Jerald John Baranet, minor son of the parties.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the property settlement agreement executed by and between plaintiff and defendant is hereby approved and ratified in all respects.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant shall pay into the registry of this Court the sum of $50.00 per month as and for the care, support and maintenance of Jerald John Baranet, minor child of the parties until final custody determination or until further order of this Court."

An agreement of the parties was filed in the divorce court, which reads in part as follows:

"I.

"The Court shall determine the care, custody and control of the minor child of the parties, namely [,] Jerald John Baranet, subject to the following visitation with said minor child by the husband. The husband shall have the right to have the child with him on every first and third Sunday of each and every month and the husband shall pick up said child at the home of the mother at the hour of 10:00 o'clock A. M. returning the child to the mother's home not later than 7:00 o'clock P. M. on the same day. In addition thereto the husband shall be permitted to have the child with him in his home for at

least four hours on each major holiday such as Thanksgiving, Christmas and Easter.

\* \* \* \* \*

"V.

"The wife hereby agrees that she will advise the husband of the child's address in the event of any change of address at any time.

"VI.

"It is further agreed by and between the parties hereto that after the child reaches the age of seven years that the husband may have the child with him for a period not to exceed two weeks during school vacations."

On May 4, 1955, defendant filed a motion to require the plaintiff to "show cause, if any she have, why she should not comply with the decree previously entered by this Court as to visitations; And to show cause, if any there be, why the Court should not grant the Defendant, the custody and control of the minor child of the parties."

Citation upon the motion was duly issued, and a hearing was had thereon on May 18, 1955, before the Honorable Virgil H. Langtry, and a decree was entered as follows:

"This matter being before the Court upon the motion of the defendant and the defendant being present in person and by his attorneys, William F. Thomsen and Dale A. Rader and the plaintiff being present in person and by her attorney Bernard Ross and the Court having heard the testimony of the parties and the witnesses produced by the parties, and having read the report of investigation made in pursuance of the agreement of the parties, and being fully advised in the premises;

"IT IS THEREFORE, ORDERED, AD-

JUDGED AND DECREED as the final order in this matter, that;

"1. Plaintiff shall be and is hereby awarded the exclusive care, custody and control of Jerald John Baranet, the minor child of the plaintiff and defendant;

"2. The defendant shall be and is hereby relieved as of this date of any and all obligation to pay for the support, care and maintenance of said minor child;

"3. Defendant shall be and is hereby denied and barred from any and all visitations with the said minor child.

"4. The defendant be and is hereby enjoined and restrained from in any manner molesting or annoying the plaintiff in her custody of said minor child in attempts to obtain visitations with said child in violation of this Order."

From the decree entered May 18, 1955, the defendant has appealed.

No cross-appeal has been filed and no appearance has been made in this court by the plaintiff.

In the year 1954 a juvenile court counselor made an investigation and filed a written report of his investigation, which is a part of the record filed in this court.

The defendant states his contention in this court as follows:

"* * * that a Court may not conduct an independent investigation, or have one conducted by any officer of the Court, which may influence the Court's decision and which denies to a party the right to be heard in open court and to be confronted with witnesses whose testimony may influence the Court in making a decision."

Defendant relies upon *Nelson v. Nelson,* 180 Or 275, 176 P2d 648, and *Bestel v. Bestel,* 153 Or 100, 44 P2d 1078, 53 P2d 525, and states that *Rea v. Rea,* 195 Or 252, 245 P2d 884, 35 ALR2d 612, is not controlling because there is no stipulation between the parties to the effect that the court might conduct a private investigation.

At the time of the trial of the divorce suit the defendant testified therein as follows:

"Q  And by agreement, you agree that the Court shall determine the custody?
"A  Yes.

"Q  Your prior counsel consented to an investigation by the Court, did he not?
"A  Yes.

\*    \*    \*    \*    \*

"Q  (By Mr. Young) Mr. Baranet, you entered into the agreement that the Court has before him freely and voluntarily, concerning the arrangements about the child?
"A  Yes."

At the close of the suit, the trial judge made the following statement to the parties:

"Well, you may have your decree of divorce. The agreement of the parties will be approved by the Court. When the testimony is [sic] this case is transcribed and the agreement filed, the clerk, Mr. Galloway, will send the entire file to the Juvenile Court for its investigation as to what is the best plan for the child. I think I would put that in the decree because you will probably have to have a supplemental order."

It is certain to us that the defendant at that time had consented to an independent investigation by the

court, and that the rule of law expressed by this court in *Rea v. Rea,* supra, applies.

We have carefully examined the record and find nothing therein that would seem to justify denying the right of the father to reasonable visitations with the child. The decree of the trial court is affirmed, except as modified in this particular.

Neither party shall recover costs in this court.

BRAND, J., dissents.