Argued and submitted February 17,
plaintiff discharged from custody February 25, 1981

In the Matter of the Application of
Albert H. Strain for a Writ of
Habeas Corpus.

STRAIN,
*Plaintiff-Relator,*
*v.*
GRIFFIN,
*Defendant.*

(SC 27618)

612 P2d 106

Myron Gitnes, Lakeview, argued the cause for plaintiff.

James E. Mountain, Jr., Assistant Attorney General, Salem, argued the cause for defendant.

Before Denecke, Chief Justice, and Tongue, Lent, Linde, Tanzer and Campbell, Justices.

LENT, J.

**LENT, J.**

The issue is whether a civil contemnor may stay his imprisonment for the contempt by filing notice of appeal from the order of contempt, supported by an undertaking for costs on appeal. We hold that he may.

This exercise of original jurisdiction in habeas corpus[1] concerns a claim by one imprisoned under ORS 33.020(2).[2] The plaintiff was found by the circuit court to be in contempt of court for failure to comply with an order of that court entered in a child custody dispute. The court ordered that plaintiff be confined in the county jail until he did comply with the order of the circuit court. The defendant, in his capacity as sheriff, has had plaintiff in custody in the county jail since the time of that order.

Plaintiff filed a notice of appeal from the order finding him to be in contempt and also filed an undertaking in the sum of $1,000, utilizing the printed form of the corporation which is surety upon the undertaking. The condition of the undertaking was that if this plaintiff, as principal, should adhere to the "indicated state statute," the obligation was to be void. The state statute was indicated by checking one of several boxes, which, respectively, referred to brief descriptions of the nature of the undertaking followed by the statute number pertaining to that kind of undertaking. On this undertaking the box checked was followed by the description, "Cost bond on Appeal" and "ORS 19.040." ORS 19.040(1)[3] provides:

> "The undertaking of the appellant shall be given with one or more sureties, to the effect that the appellant will pay all damages, costs and disbursements which may be awarded against him on the appeal; but such undertaking does not stay the proceedings, unless the undertaking further provides to the effect following:

---

[1] "[T]he supreme court may, in its own discretion, take original jurisdiction in * * * habeas corpus proceedings." Or Const Art VII (Amend), § 2.

[2] "[T]he court or judge shall have power to constrain performance of any lawful order, judgment or decree of such court or judge, by imprisonment of the person failing or refusing to comply, until the order, judgment or decree has been complied with." ORS 33.020(2).

[3] Subsections (2), (3) and (4) of ORS 19.040 are not pertinent.

"(a)   If the judgment or decree appealed from is for the recovery of money or of personal property or the value thereof, that if the same or any part thereof is affirmed, the appellant will satisfy it so far as affirmed.

"(b)   If the judgment or decree appealed from is for the recovery of the possession of real property, for a partition thereof, or the foreclosure of a lien thereon, that during the possession of such property by the appellant he will not commit, or suffer to be committed, any waste thereon, and that if such judgment or decree or any part thereof is affirmed, the appellant will pay the value of the use and occupation of such property, so far as affirmed, from the time of the appeal until the delivery of the possession thereof, not exceeding the sum therein specified, to be ascertained and tried by the court or judge thereof.

"(c)   If the decree appealed from requires the transfer or delivery of any personal property, unless the things required to be transferred or delivered are brought into court, or placed in the custody of such officer or receiver as the court may appoint, that the appellant will obey the decree of the appellate court. The amount of such under-taking shall be specified therein, and be fixed by the court or judge thereof.

"(d)   When the decree appealed from is for the fore-closure of a lien, and also against the person for the amount of the debt secured thereby, the undertaking shall also be to the effect that the appellant will pay any portion of such decree remaining unsatisfied after the sale of the property upon which the lien is foreclosed."

A typewritten line on the printed form made the undertak-ing subject to an attached rider signed by the principal and surety. The rider follows:

"It is further agreed that Plaintiff will pay damages, costs and disbursements awarded against him on appeal and if the Judgement of Contempt should be affirmed, either in whole or in part, he would satisfy the same so far as affirmed.

"The aggregate of all claims hereunder shall not exceed $1,000.00."

It has been suggested that the order of the circuit court is not an appealable order. ORS 33.150 provides:

"Either party to a judgment in a proceeding for a contempt may appeal therefrom, in like manner and with like effect as from a judgment in an action, but the appeal shall not stay the proceedings in any other action, suit or

proceeding, or upon any judgment, decree or order therein, concerning which or wherein such contempt was committed."

In *State ex rel v. Downing,* 40 Or 309, 58 P 863, 66 P 917 (1901), the appellant had been found guilty of contempt in the circuit court for failure to obey an order of that court to apply certain funds to satisfaction of a judgment. Upon that court's finding of the contempt, appellant was ordered to pay a fine of $25 and to be imprisoned until he had complied with the order to apply the funds to the satisfaction of the judgment. The order upon contempt had a further provision which this court construed to be one for stay of execution rather than a withholding of a final conclusion and adjudication upon the matter of contempt. This court, in denying a motion to dismiss the appeal, held (40 Or at 313-314):

"* * * The proceeding for contempt is one regulated entirely by statute, which provides—omitting a statement of the specific mode of procedure prescribed—that, upon the evidence taken as contemplated, the court or judicial officer shall determine whether or not the defendant is guilty of the contempt charged, and, if it be determined that he is guilty, he shall be sentenced to be punished as provided by such statute; and further, that, when the contempt consists in the omission or refusal to perform an act in the power of the defendant to perform, he may be imprisoned until he shall have performed it, and in such case the act must be specified in the warrant of commitment. From the judgment thus given and entered either party thereto may appeal 'in like manner and with like effect as from the judgment in an action': Hill's Ann. Laws, §§ 651, 659, 661, 664. Now, the judgment in the case at bar has determined that the defendant was guilty of contempt, and it specifies in what particular it consists. It is further adjudged that he pay a fine and the costs of the proceeding, and that he be imprisoned in the county jail until he shall have complied with the previous order of the court. This judgment conforms to every requirement of the statute, and without the latter clause [the provision for stay of execution] no one would question that it was final in its nature and effect. The rule seems to be that, where it is the purpose of the court to pass upon all the questions at issue, and to finally consider and determine concerning them, and make and enter a concluding order respecting them, without any intention of holding the matter in abeyance so

> that it may subsequently modify or revoke the order, the judgment so entered will be deemed to be final: *Harvey's Heirs v. Wait,* 10 Or. 117. And this is just what the court in the present case undertook and intended to do. It was its purpose, undoubtedly, to dispose of the case absolutely, so far as adjudging the defendant in contempt is concerned; and when it had entered the judgment in this regard that ended its jurisdiction to modify or vacate the same, unless for good cause shown within the statutory provisions. The purpose of the subjoined clause, about which the contention centers, was, no doubt, to stay the execution of the judgment only, and not to reserve judgment."

There is nothing to indicate that this court found any significance in the imposition of the fine to treat the matter as anything other than an order of imprisonment upon a civil contempt, which is the situation in the case at bar.[4]

It is argued that the order of contempt is not a "judgment in a proceeding for a contempt" because it does not have certain of the attributes of a judgment in an action at law. ORS 18.010(1) provides:

> "A final judgment shall include both the final determination of the rights of the parties in an action *or special proceeding* as well as a final judgment entered pursuant to ORS 18.125." (Emphasis added.)

At the time of our decision in *In re Vinton,* 65 Or 422, 132 P 1165 (1913), there were two sections of Lord's Oregon Laws which are now combined as found in present ORS 18.010(1):

> "A judgment is the final determination of the rights of the parties in the action." L. O. L. § 179.

---

[4] In *State ex rel v. Downing,* 40 Or 309, 58 P 863, 66 P 917 (1901), we went on to discuss the fact that the judgment of contempt was not self-executing but required a warrant of commitment. The reference in Hill's Ann. Laws, § 661, to a warrant of commitment in connection with imprisonment for civil contempt is not found in ORS. That reference was carried forward through subsequent revisions of our laws in B & C § 673; LOL § 681; OL § 681; OC 1930, § 8-512; and OCLA § 11-513. OCLA 11-513, pertaining to imprisonment for civil contempt and referring to the warrant of commitment was repealed by Or Laws 1951, ch 357. In 1953, however, ORS 33.020(2) was enacted providing once again for imprisonment for civil contempt but omitting any reference to a warrant of commitment. The discussion in *Downing* concerning warrant of commitment has no present relevance despite the importance of the warrant under earlier law. *See, De Meyer v. Hurlburt,* 139 Or 507, 11 P2d 286 (1932). It seems that the order of confinement itself now serves the purpose formerly served by the warrant.

"A judgment in a special proceeding is the final determination of the rights of the parties therein." L. O. L. § 601.

In *Vinton* we noted that, by those sections, the punishment of a contempt, being the final determination of the rights of the parties in a special proceeding, was to be denominated a judgment.

The dissent further suggests that ORS 33.150 providing for appeals in contempt proceedings "in like manner and with like effect" as in actions refers only "to similar procedure insofar as there can be like manner." We believe the words quoted from ORS 33.150 mean "in the same way." We believe the appeal is taken in the same way as in an action at law, by the procedure prescribed in ORS chapter 19, and that an undertaking is required as provided by ORS 19.038 and in the form herein discussed. The suggestion of the dissent concerning stays in cases of this kind may appeal to our sense of what the legislature should require the law to be; it does not convince as to what the statutory law is.

■ We have found no authority suggesting that an appeal does not lie. We hold that an appeal does lie from an order of imprisonment under ORS 33.020(2).

The remaining question is whether the appeal and this undertaking stay the order and, therefore, require an order of this court discharging the plaintiff from the custody of the defendant. ORS 34.590.

The plaintiff relies upon ORS 19.040(1), ORS 19.050 and *In re Vinton, supra.* ORS 19.050 is as follows:

"When the proceedings are stayed, if perishable property has been seized to satisfy or secure the judgment or decree, or has been directed to be sold thereby, the trial court or judge thereof may order the property to be sold as if the proceedings were not stayed, and the proceeds thereof to be deposited or invested to abide the decision of the appellate court. The court or judge thereof, in its discretion, may dispense with or limit the further undertaking required by paragraphs (a) to (d) of subsection (1) of ORS 19.040, when the appellant is an executor, administrator, trustee, or other person acting in another's right. *In cases not provided for in such paragraphs, when an appeal is*

*perfected, with an undertaking for the appeal only, proceedings shall be stayed as if the further undertaking thereof had been given."* (Emphasis added.)

The awkwardness of the statutory arrangement is manifest; however, it is not recent. These code sections are found in substantially the same form through the various revisions of our statutes from Deady's Civil Code of 1862, sections 528 and 529, to the present.

In *In re Vinton, supra,* the circuit court had issued a peremptory writ of mandamus requiring Vinton, as mayor of a city, to execute on behalf of the city a paving contract and to approve the performance bond therefor. Vinton took an appeal supported by an undertaking conditioned "to pay all damages, costs and disbursements" which might be awarded against him on the appeal. On the day he filed that undertaking he was served with an order of the circuit court to show cause why he should not be committed for contempt for failure to obey the peremptory writ, and after a hearing he was held to be in contempt of the circuit court, which imposed a fine of $300 and committed him to imprisonment in the county jail "without bail for a period not to exceed six months from the date of the order, unless he should sooner obey the commands of" the writ. On the day of the order of confinement he filed his notice of appeal in the contempt proceedings together with an undertaking conditioned that he

"would pay all damages, costs and disbursements awarded against him on appeal in that proceeding, and that if the judgment of contempt should be affirmed, either in whole or in part, he would satisfy the same so far as affirmed."

65 Or at 424. The sheriff took Vinton into custody, and this court issued a writ of habeas corpus to inquire into the legality of his imprisonment. The sheriff, by his return, relied upon the order finding Vinton guilty of contempt and ordering him imprisoned. The matter was resolved upon the pleadings, and this court ordered Vinton discharged from custody.

The parties at bar agree that in *Vinton* there were two independent bases for the action taken by this court. The court first considered the service and filing of the notice of appeal and undertaking in the contempt proceedings. The court found that the proceedings were stayed

because the undertaking complied with L.O.L. § 551 in that part which is now, in substance, identical to ORS 19.040(1)(a). It is to be remembered that in *Vinton,* unlike the present case, the circuit court ordered payment of a fine of $300. Apparently, Vinton believed that he was required, in order to obtain a stay, to comply with what is now paragraph (a) of subsection (1) of ORS 19.040. In the case at bar, there is no order requiring the payment of money; nevertheless, plaintiff filed an undertaking which would meet the requirements of ORS 19.040(1)(a). We can only surmise that he did so in an attempt to bring his case within the ambit of the first basis of the *Vinton* decision by filing an identical undertaking.

The second basis of the decision in *Vinton* depends upon what is now ORS 19.050 and was then found in L.O.L. § 552. This court noted that none of the subdivisions of L.O.L. § 551, which are now found as paragraphs (b), (c) and (d) of subsection (1) of ORS 19.040, was applicable to the final determination in the mandamus proceeding. It held, therefore, that the filing of the notice of appeal and the undertaking for "damages, costs and disbursements" operated to stay further proceedings by the circuit court in the mandamus proceeding because of the last sentence of L.O.L. § 552:

> "In cases not provided for in such subdivisions [those now found as ORS 19.040(1)(a) through (d)], when an appeal is perfected, with an undertaking for the appeal only, proceedings shall be stayed as if the further undertaking thereof had been given."

The prisoner in *Vinton* was ordered discharged from custody under L.O.L. § 642(4), which is now found as ORS 34.610(4):

> "If it appears on the return that the prisoner is in custody by virtue of an order or civil process of any court legally constituted, or issued by an officer in the course of judicial proceedings before him, authorized by law, such prisoner shall be discharged only if one of the following cases exist:
>
> " * * * * *
>
> "(4) The order or process, though in proper form, has been issued in a case not allowed by law."

The defendant essentially relies upon the decisions of this court in *In re Workman's Estate,* 156 Or 333, 65

P2d 1395, 68 P2d 479 (1937), and *Blair v. Blair,* 199 Or 273, 247 P2d 883, 260 P2d 960 (1953), to support the proposition that the filing of the notice of appeal and the undertaking in this matter does not stay the execution of the order of confinement.

*Workman* was heard en banc. Three members of the court concurred in an opinion, and another member concurred only in the result reached by that opinion. Three members of the court joined in a dissenting opinion. Workman had died testate and in the will had "nominated and appointed" X as executor. X petitioned for the probate of the will and for his appointment by the court as executor. The probate court denied X's appointment as executor and ordered that Y be appointed administrator with the will annexed. X appealed to this court, assigning those two actions of the probate court as error. In November, 1935, the mandate of this court issued reversing the probate court and instructing that X be appointed executor. *In re Workman's Estate,* 151 Or 475, 49 P2d 1136 (1935).

Meanwhile, Y had been functioning as administrator, c.t.a., had secured approval of his final report in early October, 1935, had thereupon been discharged by order of the probate court, and had been by that court appointed trustee of certain assets of the estate for the benefit of Workman's heirs, devisees and legatees. In effect, X sought to readminister the estate, but the probate court held against him. X again appealed to this court, relying upon two propositions, i.e., (1) that since X, and not Y, should have been appointed as the estate's representative, no validity attached to anything that Y had done in administering the estate, and (2) the appeal from the order appointing Y and the filing of the cost bond on that appeal automatically stayed further proceedings in the probate court pending decision by this court on that appeal.

The majority considered the second contention by first noting a parade of horribles that allegedly would have occurred had the estate lacked a representative who could function during the thirteen months consumed by the appeal, 156 Or at 347, 350-351. The opinion notes that since there was no supersedeas bond, proceedings were not stayed unless the statutes stayed them. What is now in ORS

19.040(1) and 19.050 was then found, respectively, in §§ 7-504 and 7-505, Oregon Code 1930. The majority then construed the statutes which are now ORS 19.040 and 19.050:

"It is our belief that this final clause is a part of the exception concerning judgments for money, property and the execution of conveyances, and that its purpose is to stay all judgments and decrees of the kind expressly mentioned in § 7-504 without the necessity of filing a further undertaking. If this is not the correct interpretation, then, strangely enough, the last sentence of § 7-505 is the enacting clause of the statute, and in that event we must construe this act by inverting its context. Thus, we would be required to start with the last sentence and make the act read that an ordinary cost bond stays all proceedings except those specifically mentioned in § 7-504. In that event the first sentence of § 7-504 which reads: 'Such undertaking (that is, an ordinary cost bond) does not stay the proceedings' will be deleted by judicial construction. If we should accept this interpretation we should ignore the very purpose of the act which was to end the old common-law rule that an appeal, by its own essence, superseded the judgment or decree. The statute, being remedial in character, should be liberally construed to accomplish the legislative purpose. We do not believe that the legislature by this enactment intended to stay all proceedings in the numerous cases where the relief sought does not consist of money, property or the execution of a conveyance; thereby depriving both the lower court and this court of power to issue injunctions and demand undertakings for the preservation of the subject matter of the appeal. Courts generally construe exceptions strictly and since, in our belief, § 7-505 is an elaboration upon the exceptions specifically mentioned in § 7-504, we place the above interpretation upon it."

We find this reasoning by less than a majority of this court to be questionable. The effect of that holding is completely to eliminate from the statutory scheme the last sentence of ORS 19.050. That construction of the statute makes the sentence read as if it were the following:

"In cases not provided for in such paragraphs, when an appeal is perfected, with the undertaking for the appeal only, proceedings shall be stayed in cases provided for in those paragraphs without giving any further undertaking than that required in those paragraphs."

We do not criticize the majority in *Workman* for trying to construe the statutes to accomplish a worthy result, but the

opinion, in this respect, does nothing more than to avoid a result which the statutes command.

In the other case upon which the defendant relies, *Blair v. Blair, supra,* the trial court had ordered modification of a divorce decree so as to transfer custody of minor children from the father to the mother. On the same day the father served and filed notice of appeal to this court and, three days later, his cost bond, i.e., an undertaking to pay all damages, costs and disbursements which might be awarded against him on appeal. The undertaking specifically provided:

> "but this undertaking does not stay the proceedings in this cause."

199 Or at 275. Father then applied to this court for a writ of supersedeas and stay of the transfer of custody. Within a few days this court denied the application and several weeks later handed down its opinion in support of that ruling.

In that opinion the court stated that the father contended that under OCLA, §§ 10-804 and 10-805, which are now found as ORS 19.040 and 19.050, the notice of appeal and the undertaking "for costs and damages" operates without further order to stay the proceedings pending determination of the appeal.[5] The court then approved the reasoning of the *Workman* court and "overruled" the *Vinton* case insofar as it might be deemed to be authority for the ruling in another child custody case, *Bestel v. Bestel,* 153 Or 100, 44 P2d 1078 (1936), that the filing of the notice of appeal and cost bond did operate to stay the transfer of custody pending appeal. The *Blair* court, however, expressly stated that it was unnecessary to decide by what means a commitment to prison in a contempt case might be stayed. The net holding of *Blair* on the question of stay effected by the filing of a notice of appeal and cost bond is

---

[5] It would appear that the express clause in the undertaking that it was not to stay the proceedings was probably due to an excess of caution on the part of the surety to avoid any liability for other than normal costs on appeal.

The second contention of the father was that this court had the power to stay the proceedings and should do so. On that issue, this court held that it had the power but refused to exercise it.

that the court would not construe the last sentence of what is now ORS 19.050 to operate as a stay in a child custody transfer case. The *Blair* opinion adopts the reasoning of *Workman* without analyzing it other than to fix upon that part of the *Workman* opinion which states the court's disbelief that the legislature, by that sentence, intended to do what the sentence says.

The matter before us is not that presented in *Blair*. This is not an appeal from a final order of a trial court ordering a change in custody. We are not asked in this case to stay the effect of such an order.

■ We are concerned only with an application for a discharge from custody of one adjudged guilty of civil contempt, who has filed a notice of appeal from that judgment in the special proceeding of contempt and has filed a cost bond. We hold that under ORS 19.040, with the addition of ORS 19.050, the plaintiff is entitled to be discharged from custody, because, although the order of commitment is in proper form, its continued efficacy to compel imprisonment of the plaintiff is not allowed by law. ORS 34.160(4); *In re Vinton, supra.*

The plaintiff is discharged from the custody of the defendant.

**TANZER, J.,** dissenting.

I dissent. Writs of habeas corpus are generally processed rapidly and therefore, like the majority, I necessarily write superficially rather than from the research this case warrants.

This writ involves a challenge to an order of civil contempt under ORS 33.020(2), which provides:

> "In addition to the punishment provided for in subsection (1) of this section, the court or judge shall have power to constrain performance of any lawful order, judgment or decree of such court or judge, by imprisonment of the person failing or refusing to comply, until the order, judgment or decree has been complied with."

Appeals in contempt cases are authorized by ORS 33.150, which provides:

> "Either party to a judgment in a proceeding for a contempt may appeal therefrom, in like manner and with

like effect as from a judgment in an action, but the appeal shall not stay the proceedings in any other action, suit or proceeding, or upon any judgment, decree or order therein, concerning which or wherein such contempt was committed."

The first issue, which the majority fails to address, is whether an order of civil contempt to constrain performance of a lawful order is a "judgment in a proceeding for a contempt" from which an appeal can be taken. It certainly has few attributes of a judgment. For example, it cannot be levied upon and an effective supersedeas bond can hardly be imagined. I do not believe we can assume that plaintiff's appeal is from an appealable judgment.

Next, a judgment in a contempt case is not like a judgment in a law action. ORS 33.150 regulates appeals in contempt cases. It does not say that the civil appeal statutes are applicable; indeed, there is no cross reference to specific statutes. Particularly there is no reference to the undertaking statutes. Rather, it provides only that contempt appeals are to be taken "in like manner" to appeals in actions at law.

Actions result in judgments for money or property. In the appeals of actions, ORS 19.040 and 19.050 provide for the protection of respondents by requiring undertakings for the consequences of appellant's non-compliance during the appeal. ORS 19.040(1) lists those certain instances peculiar to actions in which undertakings are required.

The requirement that contempt appeals be maintained "in like manner" calls for procedure in contempt appeals which is generally analogous to civil actions, but which also takes into account the differences between the two types of case. In other words, "in like manner" refers to similar procedure insofar as there can be like manner.

ORS 19.040 and 19.050 allow stays in civil cases where the respondent can be protected from the consequences of the appeal by an undertaking. Analogously, in contempt cases involving the payment of money or ascertainable injury, such an undertaking may "in like manner" be sufficient to justify a stay. *Cf. In re Vinton,* 65 Or 422, 132 P 1165 (1913). Other comtempt orders, however, involve personal actions which cannot be translated "in like

manner" into fiscal undertakings. This is such a case. The fact that ORS 19.040(1) does not list orders to yield custody of children means only that there is a difference and there can be no "like manner" of staying the order by posting a further undertaking. The absence of a procedure entitling the civil contempt appellant to a stay is implicit, but not articulated, in *Blair v. Blair*, 199 Or 273, 279, 247 P2d 883, 260 P2d 960 (1953), where we said:

" * * * In the case at bar we hold that the operation of the order changing the custody of the minor children was not stayed by the giving of the notice of appeal and cost bond. To rule otherwise might in some future case have tragic results, leaving a child in the custody of an unworthy person for the period of the appeal, and leaving the court helpless to protect its own ward."

I therefore conclude that there is no provision under ORS 33.150 for stays in an order such as this.